Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL, <br><br> Defendants. | **Case No: 2:19-cv-00986-FMO-SK** <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** <br><br> **Hon. Fernando M. Olguin** |

- 1 -

Plaintiff Mark DalPoggetto ("Plaintiff") respectfully responds to the Court's Order to Show Cause, dated March 11, 2019, (Dkt. No. 9), as to why this action should not be dismissed for lack of personal jurisdiction and should not be transferred for improper venue.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

On February 8, 2019, plaintiff Mark DalPoggetto filed a complaint against defendant Wirecard AG ("Wirecard" or the "Company") and its Chief Executive Officer ("CEO") Markus Braun, former Chief Financial Officer ("CFO") Burkhard Ley, current CFO Alexander Von Knoop, board member and Chief Operating Officer Jan Marsalek, and board member and Chief Product Officer Susanne Steidl (collectively, the "Individual Defendants" and together with defendant Wirecard, the "Defendants") for violations of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a). *See* Compl. at ¶¶ 7-12 (Dkt. No. 1).

Wirecard is incorporated and has principal executive offices in Germany. *See* Compl. at ¶ 7. Wirecard's American Depository Shares ("ADSs") trade in the United States on the over-the-counter ("OTC") markets. Compl. at ¶ 7. Upon information and belief, the Individual Defendants each reside in Germany.

Wirecard relies on SEC regulation 17 C.F.R. § 12g3-2(b), which exempts it from certain reporting requirements if it in fact makes certain financial information electronically available to U.S. investors. *See* Wirecard AG, Registration Statement Under the Securities Act of 1933 (Form F-6EF), at I-2 (Feb. 1, 2016) (stating Wirecard "publishes information in English required to maintain the exemption from registration under Rule 12g3-2(b) under the Securities Exchange Act of 1934") (the "2016 ADS Registration").

## II.   THE COURT HAS *IN PERSONAM* JURISDICTION OVER ALL DEFENDANTS

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The Exchange Act confers personal jurisdiction over a defendant to the limits of the Due Process Clause of the Fifth Amendment. 15 U.S.C. § 78aa. Personal jurisdiction under the Exchange Act lies "in *any* federal district court . . . [s]o long as a defendant has minimum contacts with the *United States*." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985) ("[T]he question becomes whether the party has sufficient contacts with the United States, not any particular state.") (emphasis added). This standard is low at the pleading stage.

Plaintiff need only make a *prima facie* showing that: (1) Defendants purposefully availed themselves of the benefits and protections of U.S. law or purposefully directed activities or consummated transactions in the U.S.; (2) the claims arise out of or relate to Defendants' forum-related activities in the *U.S.*; and (3) the exercise of jurisdiction is reasonable. *See SEC v. Ficeto*, 2013 WL 1196356, *4-5 (C.D. Cal. Feb. 7, 2013) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

## 1. Wirecard Purposefully Directed Activities in the U.S. and Availed Itself of the Benefits of U.S. Law

Defendants have minimum contacts with the United States. Wirecard permitted and encouraged its stock to be traded OTC in the U.S. to grow its American shareholder base. Compl. at ¶ 7; *Vancouver Alumni Asset Holdings Inc. v. Daimler AG*, No. CV-16-02942-SJO-KSX, 2017 WL 2378369, at *8 (C.D. Cal. May 31, 2017) (finding personal jurisdiction over German company where it "sponsored ADRs to solicit American capital" and "marketed those ADRs directly to U.S. investors, made allegedly false statements to U.S. investors via documents published in English as required by applicable U.S. securities regulations, and promoted the allegedly fraudulent [] products to U.S. consumers").

Wirecard further took advantage of the benefits and protections of U.S. law by utilizing SEC Rule 12g3-2(b). *See* 2016 ADS Registration. This Rule exempted Wirecard from registration under Exchange Act Section 12(g) so long as the

- 3 -
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Company, *inter alia*, electronically published reports made in its home country, including relevant annual reports, shareholder communications and other financial reports.[1] *See* 17 C.F.R. § 240.12g3-2; *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 372 (3d Cir. 2002).

Wirecard is alleged to have issued false and/or misleading statements in connection with its Rule 12g3-2(b) exemption. *See* Compl. at ¶¶ 18-27. This was done to exploit U.S. capital markets and investors. Thus, the Court has personal jurisdiction over Wirecard. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 66281, at *21–23 (N.D. Cal. Jan. 4, 2017) (finding personal jurisdiction over German defendants where false statements were made in reports directed at U.S. investors as part of compliance with SEC Rule 12g3-2(b)), *reconsideration denied*, 258 F. Supp. 3d 1037 (N.D. Cal. 2017); *Roche Holdings Ltd.*, 292 F.3d at 372 (finding foreign corporation subject to personal jurisdiction where shares traded OTC and corporation was subject to Rule 12g3-2(b) reporting requirements and appeared to make false statements pursuant to that Rule); *In re LDK Solar Sec. Litig.*, No. C-07-05182-WHA, 2008 WL 4369987, at *6 (N.D. Cal. Sept. 24, 2008) ("Defendants purposefully availed themselves of the forum by taking advantage of this nation's laws and its capital markets, and in so doing purposefully directed a fraud at investors[.]"); *Vancouver Alumni Asset Holdings Inc.*, 2017 WL 2378369, at *8

---

[1] The Rule provides that a foreign private issuer is exempt from registering certain classes of equity securities if it, *inter alia*, "has published in English, on its Internet Web site or through an electronic information delivery system generally available to the public in its primary trading market, information that . . . it: (A) Has made public or been required to make public pursuant to the laws of the country of its incorporation, organization or domicile; (B) Has filed or been required to file with the principal stock exchange in its primary trading market on which its securities are traded and which has been made public by that exchange; and (C) Has distributed or been required to distribute to its security holders." *See* 17 C.F.R. § 240.12g3-2(b).

- 4 -

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

(personal jurisdiction over foreign German company which used Rule 12g3-2(b) exemption to raise capital).

**2. The Claims Arise Out of Defendants' Forum-Related Conduct and Exercise of Jurisdiction is Reasonable**

Plaintiff's claims arise out of or relate to Defendants' forum-related activities—Defendants intentionally made false and/or misleading statements in connection with Wirecard's OTC-traded securities, which is integral to Plaintiff's claims. These statements were expressly directed at U.S. investors as part of Wirecard securities trading OTC and the Company's compliance with SEC Rule 12g3-2(b). U.S. investors relied on these statements, Compl. at ¶¶ 39-40, and suffered damages as a result, Compl. at ¶ 32. There is a direct nexus between the causes of action and allegedly false and misleading statements.

Further, the exercise of jurisdiction is reasonable. Defendants marketed Wirecard's securities in the U.S. with the benefits and protections of this nation's securities laws. Defendants can reasonably be expected to be haled into a U.S. court. Questions relating to whether Defendants have presented a "***compelling*** case" that would render jurisdiction unreasonable should be reserved for when Defendants make such arguments. *Ficeto*, 2013 WL 1196356, at \*7 (rejecting foreign defendant's arguments that exercise of jurisdiction would be unreasonable) (emphasis added).

**3. This Court Has *In Personam* Jurisdiction Over Individual Defendants**

The remaining Individual Defendants are subject to personal jurisdiction in this Court because they are or were control persons of Wirecard. Compl. at ¶¶ 8-14, 18-26, 52-57. *San Mateo County Transit District v. Dearman, Fitzgerald & Roberts, Inc.*, 979 F.2d 1356, 1358 (9th Cir. 1992) (holding personal jurisdiction exists under Section 20(a) of the Exchange Act "if the plaintiff makes a non-frivolous allegation that the defendant controlled a person liable for the fraud."); *Chassin Holdings Corp. v. Formula VC Ltd.*, No. 15-CV-02294-MEJ, 2016 WL

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1569986, at *5 (N.D. Cal. Apr. 19, 2016) (citing *San Mateo* and finding foreign defendant's alleged control over two California-based defendant companies established that defendant purposefully directed alleged fraud at U.S.).

## III.   VENUE IS PROPER IN THIS DISTRICT

The Ninth Circuit has interpreted the venue provision of the Exchange Act "to grant potential plaintiffs liberal choice in their selection of a forum, and unless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Vigman*, 764 F.2d at 1317 (internal quotation marks and citations omitted).

Venue is proper in this District because, upon belief, Defendants are all non-resident aliens who may "be sued in any judicial district." 28 U.S.C. § 1391(c)(3); *Gibson Brands, Inc. v. Tronical Components GmbH,* No. 3:17-CV-01542, 2018 WL 4680330, at *4 (M.D. Tenn. Sept. 28, 2018) (rejecting German company's argument that venue was improper under 28 U.S.C. § 1391(c)(3) as defendants "were not residents of the United States").

Further, Title 28, Section 1391(c)(2) of the United States Code provides that for purposes of the venue statute, a corporation resides in any judicial district in which it is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c)(2). Therefore, Wirecard resides in this District (indeed, it resides in every district in the United States) for purposes of the venue statute. *Vigman*, 764 F.2d 1315-16.

Title 15, Section 78aa of the United States Code provides that a federal securities lawsuit may be brought against a defendant "in the district wherein the defendant is found or is an inhabitant." Therefore, since Wirecard resides in this District, suit may be brought against it here – venue is proper. *See Pure Oil Co. v. Suarez*, 384 U.S. 202, 204-05 (1966); *accord Cumberland Equipment Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 421 (E.D. Pa. 2005) (*Pure Oil* makes 28 U.S.C. 1391(c)'s definition of corporate residence applicable to any statute where residence is an element of venue).

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

In addition, venue is proper because 28 U.S.C. § 1391(b)(1) provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *See Heroes, Inc., v. Heroes Foundation*, 958 F. Supp. 1, 6 (D.D.C. 1996).

Finally, venue is proper in this District under the rule announced in *Vigman*, 764 F.2d at 1317. This action alleges "a common scheme of acts or transactions in violation of the securities laws." *Id.* Therefore, because venue is proper in this District as to Wirecard, and because the Individual Defendants in this action are aliens, under the co-conspirator theory, venue is proper as to all Defendants. *Id.*

Lastly, questions relating to the convenience of the forum should be reserved until Defendants have weighed-in.[2]

Dated: March 26, 2019

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

---

[2] Plaintiff reserves the right to oppose any motion to dismiss for lack of personal jurisdiction or motion to transfer for improper venue, or the like. In the event any Defendant responds to Plaintiff's Response herein, Plaintiff reserves the right to supplement his Response.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

## <u>CERTIFICATE OF SERVICE</u>

I, Laurence Rosen, hereby declare under penalty of perjury as follows:

I am an attorney with The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA, 90071. I am over the age of eighteen.

On March 26, 2019, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on March 26, 2019

/s/ Laurence Rosen
Laurence Rosen

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE