BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
MICHAEL J. KAHN, SBN 303289
  mjkahn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br><br>Defendants. | CASE NO. 2:19-cv-00986-FMO-SK<br><br>**DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE ON DEFENDANTS RESIDENT OUTSIDE THE UNITED STATES**<br><br>**Hearing:**<br>Date: TBD<br>Time: TBD<br>Place: Courtroom 6D<br>Judge: Hon. Fernando M. Olguin<br><br>Action Filed: February 8, 2019 |

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

## I.    INTRODUCTION

The Court should deny Plaintiff's attempt to bypass the service requirements of the Hague Convention by serving non-U.S. domiciled defendants—who are not alleged to have any connection to the United States or California—electronically.

The Defendants in this action all reside in Germany.  Service of process of a summons and complaint in a United States lawsuit on German residents must be made in compliance with the terms of the Hague Convention.  Plaintiff, apparently, has made no attempt to do so.  Instead, after telling this Court that he would need 60 days to serve Wirecard and "additional time…to serve the foreign individual defendants under appropriate international law," Dkt. 23 at 2, Plaintiff served the summons and complaint on CT Corporation System, which is the agent for service of process for JPMorgan—the bank that registered the unsponsored American Depositary Receipts at issue in this lawsuit.  But neither CT nor JPM is the Defendants' agent for service of process, and as a result, this attempt at service on the Defendants was improper.  In fact, by filing his *ex parte* request for emergency relief, Plaintiff acknowledges that his purported service was improper.

Plaintiff has utterly failed to meet his burden of demonstrating that the Defendants should be denied their right to be served pursuant to the Hague Convention.  "[T]he Hague Convention exists for a reason," and the Court should reject Plaintiff's improper attempt to "skirt the requirements of the Hague Convention." *See Blue Underground Inc v. Caputo*, 2014 WL 12573679, at *4 (C.D. Cal. Sept. 8, 2014) (denying motion for alternative service).  Moreover, because Plaintiff has not explained what steps he has taken to comply with his obligations to serve Defendants under the Hague Convention, Plaintiff has necessarily failed to "demonstrate that the facts and circumstances of the [] case necessitate[] the district court's intervention." *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

The Court should thus deny Plaintiff's *Ex Parte* Application.

Gibson, Dunn & Crutcher LLP

1

DEFENDANTS' OPPOSOTION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

## II.    FACTUAL BACKGROUND

Wirecard AG ("Wirecard") and the individual defendants are all residents of Germany.  *See* Memorandum of Points and Authorities in Support of *Ex Parte* Application (Dkt. 38-1) ("App.") at 1.  German residents must be served in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").

On May 3, 2019, Plaintiff told this Court that he would serve Wirecard within 60 days of being appointed Lead Plaintiff and "such additional time as is necessary to serve the foreign individual defendants under appropriate international law."  Dkt. 23 at 2.  On May 9, 2019, this Court ordered Plaintiff to file a proof of service by June 7, 2019.  Dkt. 27.  Rather than serve Defendants in compliance with the Hague Convention, on May 16, 2019, Plaintiff served the summons and complaint on JPMorgan Chase Bank, N.A. ("JPM"), c/o CT Corporation System ("CT").  On May 24, 2019, Plaintiff filed the proof of service.  Dkt. 31.

Plaintiff claims that he "effected service of the summons and complaint in this action at the agent for service listed in Defendants' Form F-6 Registration Statement, filed with the Securities and Exchange Commission, JPMorgan Chase Bank, N.A." App. at 1.  But neither JPM nor CT is an agent for service of process for the Defendants.  Moreover, Defendants had no involvement in filing the Form F-6, which purports to register American Depositary Receipts that represent shares in Wirecard ("ADRs").  Declaration of Brian M. Lutz ("Lutz Decl."), Ex. A.  These ADRs are "unsponsored," which means that they were "set up without the cooperation of the non-U.S. company and may be initiated by a broker-dealer wishing to establish a U.S. trading market."  Securities and Exchange Commission ("SEC"), "Investor Bulletin: American Depositary Receipts" at 2, *available at* https://www.sec.gov/investor/alerts/adr-bulletin.pdf.

On May 27 and 28, 2019, counsel for Defendants informed counsel for Plaintiff that the service on JPM, c/o CT, did not properly effect service on the Defendants.  *See*

Lutz Decl. ¶¶ 2-3.  Plaintiff nonetheless has not withdrawn his proof of service. Instead, Plaintiff filed an *ex parte* application asking for permission to serve the defendants electronically, rather than in compliance with the Hague Convention.  Dkt. 38 (the "*Ex Parte* Application").  By filing the *Ex Parte* Application, Plaintiff of course acknowledges that the service on JPM, c/o CT, was improper.

### III.    ARGUMENT

The Court should reject Plaintiff's emergency request for an order authorizing service electronically before Plaintiff has even attempted to serve Defendants through the Hague Convention.  As Plaintiff acknowledges, Germany is a signatory to the Hague Convention.  App. at 4.  Federal Rule of Civil Procedure 4(f) provides that individuals and corporations may be served in a foreign country through "an internationally agreed means of service…such as those authorized by the Hague Convention."  Fed. R. Civ. P. 4(f)(1); *see also id.* Rule 4(h)(2) (applying Rule 4(f)(1) to foreign corporations).  "Use of the [Hague] Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."  Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendment, Subdivision (f).  Although Rule 4(f)(3)—the rule Plaintiff invokes here—allows courts in their discretion to authorize alternative means of service, the Advisory Committee Notes state that alternative service should only be allowed in unusual circumstances such as "the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention" or "the refusal of the Central Authority to serve a complaint."  *See id.*  Moreover, before authorizing alternative service, a party must "demonstrate that the facts and circumstances of the [] case necessitate[] the district court's intervention."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  Plaintiff has utterly failed to demonstrate that any of these exceptions to service under the Hague Convention apply here—much less that Plaintiff has even tried to serve under the Hague Convention.  This Court should thus deny Plaintiff's request to serve Defendants electronically.

3
DEFENDANTS' OPPOSOTION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

Courts routinely reject plaintiffs' attempts to "skirt the requirements of the Hague Convention" by requesting alternative service. *See Blue Underground Inc. v. Caputo*, 2014 WL 12573679, at *4 (C.D. Cal. Sept. 8, 2014); *Agha v. Jacobs*, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008); *Midmark Corp. v. Janak Healthcare Private Ltd.*, 2014 WL 1764704, at *1-2 (S.D. Ohio May 1, 2014) (serving through Hague Convention is "preferred in most cases" even when "other methods of obtaining service…are technically allowed" because of "principles of comity"). "[T]he Hague Convention exists for a reason." *Caputo*, 2014 WL 12573679, at *4. In *Caputo*, the court rejected a request to serve defendants by alternative means (Federal Express) where the plaintiff "made no attempt at all to serve [counter-defendant] properly in accordance with the Hague Convention." *Caputo*, 2014 WL 12573679, at *4. Just like in *Caputo*, this Court should reject Plaintiff's attempt to evade service under the Hague Convention when he offers no reason why he is unable to do so.

The cases Plaintiff cites in support of his *Ex Parte* Application are easily distinguishable. In *Rio Properties*, for example, the plaintiff "attempted to serve [defendant] by conventional means" but was thwarted by "an elusive international defendant, striving to evade service of process." *Rio Properties*, 284 F.3d at 1016; *see id.* at 1018. Moreover, service through the Hague Convention was not an option there because the defendant resided in Costa Rica, which was "not a signatory." *Id.* at 1015 n.4; *see Caputo*, 2014 WL 12573679, at *4 (distinguishing *Rio Properties* because it "was *not* a case governed by the Hague Convention") (emphasis in original). This case is obviously different.[1] By contrast, here Plaintiff's only justification for seeking alternative service is that it would be "fast[]"—a justification for which he cites no authority. App. at 1. His request should be rejected.

---

[1] Plaintiff's other cases are not persuasive for similar reasons. *See, e.g., Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562-63 (C.D. Cal. 2012) (plaintiff conducted investigation about how to properly serve and attempted service); *Williams-Sonoma Inc. v. FriendfinderInc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (attempted service, but addresses were incorrect and/or defendants refused to accept service).

4

DEFENDANTS' OPPOSOTION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

The Court should also deny Plaintiff's request to serve the Defendants electronically because Germany opted out of the Hague Convention provision allowing service via "postal channels." *See* App. at 4.  The opinion in *Agha* is exactly on point.  Like Plaintiff, the plaintiff there sought "leave to serve the summons and complaint in th[e] action by email or by facsimile on defendants located in the Federal Republic of Germany." *Agha*, 2008 WL 2051061 at *1.  The court denied plaintiff's motion because Germany (1) is a signatory to the Hague Convention, and (2) objects to service through "postal channels," which the court held includes email and facsimile. *Id.* at *2.  Because electronic service on German defendants is thus "prohibited by international agreement," the *Ex Parte* Application should be denied. *See id.* at *1 (quoting Rule 4(f)(3)).

In sum, the Court should not authorize Plaintiff to serve Defendants electronically.  Plaintiff has made no attempt to properly serve the Defendants.  Because Plaintiff has not met his burden to establish facts that "necessitate[] the district court's intervention," *Rio Properties*, 284 F.3d at 1016, the *Ex Parte* Application should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's *Ex Parte* Application.

Gibson, Dunn & Crutcher LLP

Dated:  June 7, 2019

GIBSON, DUNN & CRUTCHER LLP


By: /s/ Brian M. Lutz
      Brian M. Lutz
      Michael J. Kahn
      555 Mission Street, Suite 3000
      San Francisco, CA 94105-0921
      Telephone: 415.393.8200
      Facsimile: 415.393.8306
      blutz@gibsondunn.com
      mjkahn@gibsondunn.com

*Attorneys for Defendants*

DEFENDANTS' OPPOSOTION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn &
Crutcher LLP