Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*
*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf Of All Other Similarly Situated<br><br>                              Plaintiff,<br><br>     v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br>                              Defendants. | Case No.  2:19-cv-00986-FMO-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ORDER APPOINTING HAGUE CONVENTION INTERNATIONAL PROCESS SERVER**<br><br>Date:          TBD<br>Time:          TBD<br>Courtroom:  6D<br>Judge:          Hon. Fernando M. Olguin |

010821-11 1150427 V1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

This is a securities fraud class action arising from Defendants' alleged misrepresentations and failure to disclose material weaknesses in WireCard's internal controls over financial reporting in light of an elaborate accounting fraud committed at WireCard Asian subsidiaries.  Each Defendant is a German resident.

Since being appointed Lead Plaintiff on May 6, 2019, Lead Plaintiff has taken extensive efforts to informally effect service on Defendants.  While Defendants' registered agents of service have received the summons and complaint, and Defendants' counsel has appeared in this action, Defendants have nevertheless refused to waive service of the summons pursuant to Rule 4(d)(2).  Because of Defendants' intransigence, Lead Plaintiff is now required to undergo the expensive and time-consuming process of effectuating service under the Hague Convention.

Against this backdrop, international process servers have informed Lead Plaintiff that Lead Plaintiff must obtain a Court-order appointing a process server to perfect service of process on Defendants in Germany.  International process servers have further informed Lead Plaintiff that perfecting service on Defendants will require coordination with the applicable German Central Authorities, use of the German court system, and could take up to six months.

Accordingly, Lead Plaintiff requests that the Court enter an Order appointing Crowe Foreign Services and its agents and employees, as the international process

MPA ISO EX PARTE APPLICATION                                                    - 1
Case No.: 2:19-cv-00986-FMO-SK
010821-11 1150427 V1

server under the Hague Convention to complete the formal service of process on Defendants.  In addition, Lead Plaintiff submits the Court should extend the September 9, 2019 deadline to serve Defendants by six months (i.e., March 9, 2020) to allow Plaintiff sufficient time to effect service on Defendants under the Hague Convention.

Lead Plaintiff provided notice to Defendants' counsel prior to filing this ex parte application, who informed Lead Plaintiff that Defendants do not consent to, and may or not oppose the requested relief.  Smith Decl. ¶4.  Pursuant to Local Rule 7-19, the name, address, telephone number and e-mail address of Defendants' counsel are as follows:

> Brian M. Lutz
> Michael J. Kahn
> GIBSON, DUNN & CRUTCHER LLP
> 555 Mission Street, Suite 3000
> San Francisco, CA  94105-0921
> Telephone:  (415) 393-8379
>              (415) 393-8316
> Facsimile:  (415) 393-8306
> Email:  blutz@gibsondunn.com
>           mjkahn@gibsondunn.com

## II.    Argument

### A.    The Court Should Designate Crowe Foreign Services as the Foreign Process Server

Fed. R. Civ. P. 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents."

MPA ISO EX PARTE APPLICATION                                        - 2
Case No.: 2:19-cv-00986-FMO-SK

010821-11 1150427 V1

Similarly, Rule 4(h)(2) permits service of a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Finally, Fed. R. Civ. P. 4 4(c)(2) permits the Court to appoint process servers, and courts commonly designate process servers under this rule when requested by a party attempting service.  *See Burroughs Corporation v. Carsan Leasing Company*, 99 F.R.D. 528, 531 (D.N.J. 1983) ("special appointments are perfunctorily made by the court" under Rule 4(c)).

Here, all of the foreign defendants may be served with process under the Hague Service Convention, to which Germany has been a signatory since 1979.[1]

Chapter 1, Article 3 of the Hague Convention, states that, "The authority or *judicial officer* competent under the laws of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalization or other equivalent formality."  Thus, to initiate service under the Hague Convention, Crowe Foreign Services needs to be appointed by this Court as the international process servicer.  *See* Smith Decl., ¶5, Exhibit A, Email from Crowe Foreign Services.

---

[1] *See* Status Table, Hague Service Convention, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited July 8, 2019).

Accordingly, Plaintiff respectfully requests that this Court enter the attached Order authorizing Crowe Foreign Services to attempt personal service on Defendants.

**B.    Lead Plaintiff Should Be Permitted At Least Six Months to Effect Service Under The Hague Convention**

Following the Court's June 12, 2019 Order, Lead Plaintiff immediately began making preparations to serve each Defendant pursuant to the Hague Service Convention, including consulting with international process service specialists. *See* Smith Decl., ¶5, Exhibits A-D. Lead Plaintiff is informed that service must be made through Article 5 of the Hague Convention, as Germany objects to all alternative methods of service specified under Articles 8 and 10 of the Hague Convention. Smith Decl., ¶5, Exhibit E.

Lead Plaintiff is informed that Article 5 service of process in Germany entails (i) translating the Summons and Complaint; (ii) submitting a Hague Service Request to the applicable Germany Central Authority; and (iii) obtaining proof of service from the German Central Authority.[2] According to information received from three international process servers, this process could entail appearance in the German court system and that the completion of Hague Convention service in Germany typically takes 3-5 months.[3] This estimate is consistent with Ninth Circuit case law, which has

---

[2] *See* Smith Decl., Exhibit D; *see also* Germany Judicial Assistance Information, U.S. Dept. of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Germany.html (last visited July 8, 2019).

[3] *See* Smith Decl. ¶5, Exhibits A-C.

MPA ISO EX PARTE APPLICATION                                                          - 4
Case No.: 2:19-cv-00986-FMO-SK
010821-11 1150427 V1

recognized that service under the Hague Convention is often beyond a domestic litigant's control and can often take many months.[4]  Accordingly, Lead Plaintiff requests that the Court extend the September 9, 2019 deadline to serve Defendants by six months to March 9, 2020 allow sufficient time to effect service on Defendants.

Good cause exists to allow the requested extension.  Lead Plaintiff has been diligent in attempting service on Defendants.  On May 13, 2019, Lead Plaintiff retained a process server to effectuate service on Defendants by serving JPMorgan Chase Bank, N.A., ADR Department, the agent for service WireCard identified on its Registration Statement filed on Form F-6 with the SEC.  Smith Decl. ¶5, Exhibit F.  Service, however, was refused and access at JPMorgan Chase was denied, as JPMorgan representatives stated that all legal papers must be served care of JPMorgan's registered agent, CT Corporation System.  Smith Decl. ¶5, Exhibit G.  Thereafter, on May 16, 2019, Plaintiff served the summons and complaint on CT Corporation System.  ECF No. 31.  Nevertheless, Defendants' counsel challenged the sufficiency of service (ECF Nos. 34; 37), and opposed alternative means of serving Defendants, including through electronic mail.  ECF No. 39.

---

[4] *See Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1079 (9th Cir. 1999) ("The Hague Convention requires plaintiffs to surrender control of service of process to a designated central authority in a signatory country and wait for an indefinite period of time while it serves the defendant according to the laws of its country.").

MPA ISO EX PARTE APPLICATION                                                                 - 5 -
Case No.: 2:19-cv-00986-FMO-SK
010821-11 1150427 V1

Moreover, no prejudice will result from the extension.  Defendants have received actual notice of the entire complaint.  Indeed, its counsel has already appeared in this action.  ECF Nos. 32-33.  Likewise, since an amended consolidated complaint is forthcoming and no Rule 16(b) Scheduling Order has been implemented by the Court, the granting of the present motion would not serve to create any procedural delay of the present action or impact significant deadlines.

## III.    Conclusion

For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter an order 1) appointing Crowe Foreign Services and its agents and employees, as the international process server under the Hague Convention to complete the formal service of process on Defendants; and (2) extending the September 9, 2019 deadline to serve Defendants to March 9, 2020 to allow Plaintiff sufficient time to effect service on Defendants under the Hague Convention.

DATED: July 9, 2019                     HAGENS BERMAN SOBOL SHAPIRO LLP

By:    /s/ *Danielle Smith*
Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

MPA ISO EX PARTE APPLICATION                                             - 6
Case No.: 2:19-cv-00986-FMO-SK
010821-11 1150427 V1

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*