# Exhibit E

# DECLARATION/RESERVATION/NOTIFICATION

Declarations

Articles: 5,8,10,15,16

**(Click here for the Central Authority designated by Germany and other practical information)**

**Text of the declarations:**

(...)
The Central Authorities are empowered to have requests for service complied with directly by postal channels if the conditions for service in accordance with paragraph 1 (a) of Article 5 of the Convention have been fulfilled. In that case the competent Central Authority will hand over the document to the postal authorities for service. In all other cases the local court (Amtsgericht) in whose district the documents are to be served shall be competent to comply with requests for service. Service shall be effected by the registry of the local court.

Formal service (paragraph 1 of Article 5 of the Convention) shall be permissible only if the document to be served is written in, or translated into, the German language.

2. The Central Authority shall complete the certificate (paragraph 1 and 2 of Article 6 of the Convention) if it has itself arranged for the request for service to be complied with directly by postal channels; in all other cases this shall be done by the registry of the local court.

3. (...)

4. In accordance with paragraph 2 (a) of Article 21 of the Convention, the Government of the Federal Republic of Germany objects to the use of methods of transmission pursuant to Articles 8 and 10. Service through diplomatic or consular agents (Article 8 of the Convention) is therefore only permissible if the document is to be served upon a national of the State sending the document. Service pursuant to Article 10 of the Convention shall not be effected."

By a Note dated 19 November 1992, the Federal Republic of Germany made the following declaration:

"1. Notwithstanding the provisions of the first paragraph of Article 15, a German judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

– the document was transmitted by one of the methods provided for in this Convention,
– a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
– no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

2. An application for relief in accordance with Article 16 will not be entertained if it is filed after the expiration of one year following the termination of the time-limit which has not been observed."

*06-06-2018*

The Federal Republic of Germany takes note of the Declarations submitted by Ukraine on 16 October 2015 regarding the application of the Convention on Civil Procedure (1954), the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (1961), the Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters (1965), the Convention on the taking of evidence abroad in civil or commercial matters (1970), the Convention on the Civil Aspects of International Child Abduction (1980) and the Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Co-operation in Respect of Parental Responsibility and Measures for the Protection of Children (1996) and the Convention on the International Recovery of Child Support and Other Forms of Family Maintenance (2007) to the Autonomous Republic of Crimea and the city of Sevastopol and of the Declarations submitted by the Russian Federation on 19 July 2016 in relation to the Declarations made by Ukraine.

In relation to the Declarations made by the Russian Federation, the Federal Republic of Germany declares, in line with the conclusions of the European Council of 20/21 March 2014, that it does not recognise the illegal referendum in Crimea and the illegal annexation of the Autonomous Republic of Crimea and the city of Sevastopol to the Russian Federation.

Regarding the territorial scope of the above Conventions, the Federal Republic of Germany therefore considers that the Conventions in principle continue to apply to the Autonomous Republic of Crimea and the city of Sevastopol as part of the territory of Ukraine.

The Federal Republic of Germany further notes the Declarations by Ukraine that the Autonomous Republic of Crimea and the city of Sevastopol are temporarily not under the control of Ukraine and that the application and implementation by Ukraine of its obligations under the Conventions is limited and not guaranteed in relation to this part of Ukraine's territory, and that only the government of Ukraine will determine the procedure for relevant communication.

As a consequence of the above, the Federal Republic of Germany declares that it will only engage with the government of Ukraine for the purposes of the application and implementation of the conventions with regard to the Autonomous Republic of Crimea and the city of Sevastopol.