Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*
*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf Of All Other Similarly Situated<br><br>        Plaintiff,<br><br>  v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br>        Defendants. | Case No.  2:19-cv-00986-FMO-SK<br><br>**REPLY IN FURTHER SUPPORT OF EX PARTE APPLICATION FOR ORDER APPOINTING HAGUE CONVENTION INTERNATIONAL PROCESS SERVER**<br><br>Date:   TBD<br>Time:   TBD<br>Courtroom: 6D<br>Judge:   Hon. Fernando M. Olguin |

010821-11 1150991 V1

Defendants' opposition only serves to confirm this Court should grant Lead Plaintiff's Ex Parte Application,[1] and enter an Order appointing an international process server to effect service on Defendants and extend the deadline to serve Defendants under the Hague Convention.

***First***, Defendants fail to demonstrate Lead Plaintiff has "delayed" in serving Defendants.  Defendants do not dispute that since his appointment as Lead Plaintiff on May 6, 2019, Lead Plaintiff has made repeated attempts to informally effect service on the named defendants.  Defendants similarly do not refute they in fact received the summons and complaint through their agents on more than one occasion.  Nevertheless, Defendants have not agreed to waive service of the summons pursuant to Rule 4(d)(2), forcing Lead Plaintiff to bring the instant motion.

Contrary to Defendants' arguments, Lead Plaintiff has made no misrepresentation about JPMorgan's apparent agency relationship with WireCard.  WireCard's own Registration Statement for the ADRs at issue in this action plainly states that JPMorgan serves as the "agent for service."[2]  The Registration Statement does not limit the scope of this agency.  That Plaintiff intended to serve WireCard,

---

[1] *See* ECF No. 41.

[2] *See* Exhibit A (Securities and Exchange Commission, Form F-6 Registration Statement for  Wirecard AG (listing "Address, including zip code, and telephone number of agent for service" as follows: JPMorgan Chase Bank, N.A. ADR Department, 4 New York Plaza, 12th Floor, New York, New York 10004, Tel. No.: (800) 990-1135)) *(available at* https://www.sec.gov/Archives/edgar/data/1474274/000119380516002390/e614529_f6ef-wirecard.htm (last accessed July10, 2019).

REPLY IFSO EX PARTE APPLICATION                                                           - 1
Case No.: 2:19-cv-00986-FMO-SK

010821-11 1150991 V1

along with the other Individual Defendants, is not an admission that this attempted service of summons was improper.

*Second*, Defendants fail to articulate any prejudice, legal or equitable, that will be caused should the Court grant the requested extension on the deadline to serve Defendants.  The Federal Rules of Civil Procedure do not apply the normal 90 day deadline under Federal Civil Procedure Rule 4(m) to service of a foreign defendant and specify no deadline when service is required to be effectuated through means authorized under the Hague Convention.  Likewise, Defendants do not dispute the substantial evidence Lead Plaintiff has offered demonstrating the lengthy time necessary to serve German residents under the Hague Convention, or otherwise contend the six month time estimate to be unreasonable.  Further, Defendants fail to articulate why this brief period of time will somehow adversely impact their ability to defend themselves against Lead Plaintiff's claims.

*Finally*, contrary to Defendants' arguments, the appointment of international and domestic process servers is a well-recognized step in serving both foreign and domestic defendants and has been repeatedly approved by this Court.[3]

---

[3] *See e.g., Price v. Gwoung Woo Han*, No. 2:13-cv-3547-SVW-MAN, 2014 U.S. Dist. LEXIS 197133, at *1 (C.D. Cal. Apr. 30, 2014) ("plaintiffs filed an ex parte application for an order for appointment of a special process server to execute service by international mail on defendants Chung, CT Matrix Limited, and Nanuvo LTD. The Court granted the application by signing plaintiffs' proposed order."); *see also* Exhibit B (Order by Judge Margaret M. Morrow: granting Ex Parte Application for Order Appointing International Process in *Clevo Co v. Hecny Shipping Ltd et al*., No. 2:09-cv-9135 (C.D. Cal. December 11, 2009)); Exhibit C (Order Authorizing Service of Process by Registered Process Server by Judge Fernando M. Olguin in *Adobe*

REPLY IFSO EX PARTE APPLICATION                                               - 2
Case No.: 2:19-cv-00986-FMO-SK
010821-11 1150991 V1

Accordingly, the requested relief should be granted.

DATED: July 10, 2019          HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ *Danielle Smith*
Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*

---

*Systems Incorporated V. Gerald Johnson et al.*, No. 2:14-cv-6313 (C.D. Cal. August 12, 2014)).