BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
MICHAEL J. KAHN, SBN 303289
  mjkahn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br><br>Defendants. | CASE NO. 2:19-cv-00986-FMO-SK<br><br>**DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER EXTENDING TIME FOR INTERNATIONAL SERVICE OF PROCESS**<br><br>**Hearing:**<br>Date:      TBD<br>Time:      TBD<br>Place:     Courtroom 6D<br>Judge:    Hon. Fernando M. Olguin<br><br>Action Filed:      February 8, 2019 |

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

The Court should deny Plaintiff's request for relief from this Court's order requiring Plaintiff to serve Defendants by November 8, 2019 (Dkt. 44) because Plaintiff has failed to demonstrate that there are "extraordinary circumstances" that should allow Plaintiff a full year to serve the Defendants with process (Dkt. 40).  Since this action was filed in February 2019, Plaintiff has known that Defendants all reside in Germany, yet he waited until June 13, 2019 to take *any* steps to effect service on Defendants pursuant to the Hague Convention (*see* Dkt. 42 at 1).  Plaintiff already was given two extensions to do what he should have done from the outset of this case.  Dkts. 40, 44.  He should not be given a third.  Instead, the Court should dismiss this case for failure to effect service.  If Plaintiff wishes to file a proper complaint and effect proper service on a proper schedule, he can try to do that.  But not in this lawsuit.

This is a case that never should have been filed in a United States court.  As this Court has already recognized, this action asserts claims against German defendants based on alleged wrongdoing in Singapore.  Dkt. 9.  Plaintiff's only hook for asserting these foreign-based claims in this court is his purported purchase of American Depositary Receipts ("ADRs") that reference Wirecard's shares.  These ADRs are "unsponsored," meaning that **Wirecard had no involvement in registering them or facilitating their trading**.  *See* Securities and Exchange Commission, "Investor Bulletin: American Depositary Receipts" at 2, available at https://www.sec.gov/investor/alerts/adr-bulletin.pdf; *see also* Dkt. 39 at 2; Dkt. 42 at 1.  Plaintiff should not be permitted yet another months-long extension to try to serve Defendants who have no business being sued in this Court.

For these reasons, Plaintiff has failed to establish extraordinary circumstances warranting even more time to serve Defendants.  Enough is enough, especially in a case that never should have been brought in a U.S. court in the first place.  Plaintiff's *ex parte* application should be denied.

Gibson, Dunn & Crutcher LLP

1
DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

Dated:  November 7, 2019

GIBSON, DUNN & CRUTCHER LLP


By: /s/ *Brian M. Lutz*

Brian M. Lutz
Michael J. Kahn
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
blutz@gibsondunn.com
mjkahn@gibsondunn.com

*Attorneys for Defendants*

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn &
Crutcher LLP