BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
MICHAEL J. KAHN, SBN 303289
  mjkahn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br><br>    Defendants. | CASE NO. 2:19-cv-00986-FMO-SK<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**Hearing:**<br>Date:      May 7, 2020<br>Time:      10:00 a.m.<br>Place:     Courtroom 6D<br>Judge:    Hon. Fernando M. Olguin<br><br>Action Filed:      February 8, 2019 |

Gibson, Dunn & Crutcher LLP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Wirecard AG ("Wirecard"), Markus Braun, Alexander Von Knoop, and Jan Marsalek (the "Individual Defendants" and, together with Wirecard, "Defendants"),[1] respectfully request that the Court take notice of Exhibits 1 through 6 attached to the accompanying Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Defendants' Motion to Dismiss Plaintiff's Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "FAC") filed concurrently herewith, and also consider Exhibits 1-5 to the Lutz Declaration under the incorporation by reference doctrine.

## I. DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89. "[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction,

---

[1] Because no proof of service has been filed for Defendants Burkhard Ley and Susanne Steidl, they are not parties to this action and thus do not need to respond to the FAC. *See* Dkts. 53, 58. In the event that these Defendants are served, they intend to join this Request.

1

REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn &
Crutcher LLP

or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).

### A.   Wirecard's Annual Reports

Exhibits 2 through 5 are Wirecard's Annual Reports, which are referenced and necessarily relied on in the FAC, and thus, the Court may consider them in ruling on Defendants' Motion to Dismiss under the incorporation by reference doctrine. Specifically:

- Exhibit 2, Wirecard's 2015 Annual Report, issued in compliance with German securities laws, is referenced and relied on in paragraphs 128, 129, 130, 140, and 141 of the FAC;

- Exhibit 3, Wirecard's 2016 Annual Report, issued in compliance with German securities laws, is referenced and relied on in paragraphs 131, 132, 133, 140, and 141 of the FAC;

- Exhibit 4, Wirecard's 2017 Annual Report, issued in compliance with German securities laws, is referenced and relied on in paragraphs 134, 135, 136, 140, and 141 of the FAC; and

- Exhibit 5, Wirecard's 2018 Annual Report, issued in compliance with German securities laws, is referenced and relied on in paragraphs 137, 138, 139, 140, and 141 of the FAC.

Judicial notice of these Exhibits also is appropriate because they are public filings made by Wirecard, and are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b).  Courts routinely take judicial notice of a company's disclosure documents in securities cases.  *See Vancouver Alumni Asset Holdings Inc. v. Daimler AG,* 2017 WL 2378369, at *4 (C.D. Cal. May 31, 2017) (taking judicial notice of German company's Annual Report); *McGee v. Am. Oriental Bioengineering, Inc.*, 2014 WL 12586107, at *1 n.2 (C.D. Cal. Sept. 23, 2014) (Olguin, J.) (taking judicial notice of SEC filings).  Accordingly, the Court should take judicial notice of Exhibits 2 through 5, and consider these Exhibits under the incorporation by reference doctrine.

### B.   Wirecard's Press Release

Exhibit 1 is a Wirecard press release that is referenced and necessarily relied on in the FAC, and it is thus properly incorporated by reference.  Specifically:

2

REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn & Crutcher LLP

· Exhibit 1, a March 26, 2019 press release published by Wirecard, is referenced and relied on in paragraphs 100 and 101 of the FAC.

This press release is appropriate for incorporation by reference because Plaintiff relies on this document for his allegations. *See Khoja*, 899 F.3d at 1004-05 (affirming finding that online news articles underlying plaintiffs' claims were incorporated into complaint). Additionally, this Exhibit is a publicly available press release, the authenticity of which cannot reasonably be questioned. Judicial notice of this press release is therefore appropriate. *See In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (granting judicial notice of several press releases in securities fraud case). Accordingly, the Court should consider Exhibit 1 under the incorporation by reference doctrine and also take judicial notice of this Exhibit.

### C. Stock Prices And Stock Price Indices

Exhibit 6 is a chart from Yahoo Finance showing the historical prices of WRCDF (Wirecard stock that trades over the counter in the U.S.) from December 31, 2018 through February 3, 2020. The Court may take judicial notice of a company's share price. *See, e.g.*, *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan 12, 2012) (collecting cases); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock prices); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice."). Accordingly, the Court should take judicial notice of Exhibit 6.

### II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1-6 to the Lutz Declaration to the extent they are relied on in Defendants' Motion to Dismiss, and consider Exhibits 1-5 to the Lutz Declaration under the incorporation by reference doctrine.

Gibson, Dunn & Crutcher LLP

3

REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:19-cv-00986-FMO-SK

Dated: March 13, 2020                    GIBSON, DUNN & CRUTCHER LLP

                                          By:  */s/ Brian M. Lutz*

                                          Brian M. Lutz
                                          Michael J. Kahn
                                          555 Mission Street, Suite 3000
                                          San Francisco, CA 94105-0921
                                          Telephone: 415.393.8200
                                          Facsimile: 415.393.8306
                                          blutz@gibsondunn.com
                                          mjkahn@gibsondunn.com

                                          *Attorneys for Defendants*

Gibson, Dunn &
Crutcher LLP

REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:19-cv-00986-FMO-SK