510.725.3000    F 510.725.3001



Danielle Smith
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 202
BERKELEY, CA  94710
www.hbsslaw.com
**Direct (510) 725-3038**
**danielles@hbsslaw.com**

April 7, 2020

***VIA ECF***

The Honorable Fernando M. Olguin
United States District Judge
United States District Court for the Central District of California
350 W. 1st Street, 6th Floor, Courtroom 6D
Los Angeles, CA 90012

      **Re:**   ***Mark Dalpoggetto v. Wirecard AG et al.***
           **Case No. 2:19-cv-986**

Dear Judge Olguin:

Our firm represents Lead Plaintiff Lawrence Gallagher ("Plainitff") in the above-referenced matter. Plaintiff, by and through his undersigned counsel, respectfully requests that this Court issue an order temporarily staying all proceedings pending the results of a special audit of Defendant Wirecard AG's ("Wirecard" or the "Company") accounting practices by KPMG, whose investigation was stalled in part due to corona virus-related travel restrictions. Accordingly, Plaintiff requests that the Court stay all proceedings until sixty (60) days after the publication of KPMG's audit results (to **June 22, 2020**).

Last month, Wirecard announced that a special audit of its accounting by KPMG is now expected to be completed by the end of April. Wirecard's annual financial statements and its annual press conference were likewise pushed back to the end of April. The results of KPMG's wide-ranging investigation are potentially dispositive to the instant action. The investigation was launched in October 2019 in response to the *Financial Times*' reports that Wirecard's sales and profits appeared to have been fraudulently inflated at the Company's businesses in Dubai and Ireland, among other allegations. The alleged fraudulent accounting practices, including the Company's alleged fiscal improprieties involving its third-party partner businesses, are central to the claims of the First Amended Complaint (*see* ECF No. 62).

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN FRANCISCO   SAN DIEGO   WASHINGTON, D.C.

010821-11/1254292 V1

April 7, 2020
Page 2

KPMG's audit had originally been scheduled to conclude in March, with publication on April 8, 2020. However, as stated in Wirecard's recent announcement, the investigation is now expected to be completed by April 22, 2020. In relevant part, Wirecard's announcement stated:

> The investigation of third-party partner business (TPA) is still ongoing and is expected to be completed by 22 April 2020 at the latest. The extensive inspection of relevant documents, including those of external companies, and corona virus-related travel restrictions make the extended timeframe necessary. Accordingly, the Management Board of Wirecard AG today decided to postpone publication of the annual financial statements and the annual press conference (previously April 8, 2020) to April 30, 2020.[1]

It is settled that district courts have the broad authority to stay proceedings before them. *Abu-Hajar v. Autonation, Inc.*, No. CV 17-03505-BRO (AGRx), 2017 U.S. Dist. LEXIS 224093, at *5 (C.D. Cal. Aug. 17, 2017) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)); *see also In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) (same); *Barron v. Deutsche Bank AG*, No. SA CV04-0401 AHS (ANx), 2004 U.S. Dist. LEXIS 28029, at *5 (C.D. Cal. Dec. 31, 2004) (same).

Factors considered by courts in deciding whether to stay an action include: (1) whether a stay will simplify the issues in the litigation; (2) whether discovery is completed and whether a trial date is set; (3) and whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) (*citing Guthy-Renker Fitness L.L.C. v. Icon Health and Fitness, Inc*., 48 U.S.P.Q. 2d 1058 (C.D. Cal. 1998)). Here, KPMG's audit results will simplify the issues in the litigation, since, as stated above, the audit is expected to directly investigate the alleged fraudulent accounting practices central to the allegations of the Amended Complaint. At present, the litigation is still in its early stages. No discovery has been completed,

---

[1] *Wirecard AG: KPMG's special audit*, Mar. 12, 2020 (*available at* https://ir.wirecard.com/websites/wc/English/3150/financial-news.html?newsID=1923069) (last accessed April 7, 2020).

April 7, 2020
Page 3

and no trial date has been set. Moreover, there is no discernable prejudice to Defendants, particularly considering the short time frame of the requested stay.

Finally, a stay will also serve the interests of the Court. First, the audit results could narrow the scope of the parties' dispute. Second, while Plaintiff's opposition to Defendants' motion to dismiss is due next week, the opposition could be substantially impacted by the results of the KPMG audit. Consideration of Plaintiff's opposition before the impending results of the audit are released would therefore be a waste of the Court's time. Accordingly, staying this matter pending the results of KPMG's audit will promote judicial economy and conserve the resources of all parties and the Court.

Plaintiff has discussed the relief sought in this letter-motion with counsel for Defendants, and has been informed that Defendants oppose a stay of the proceedings.  We appreciate the Court's time and courtesy in this matter.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Danielle Smith*

Danielle Smith
Associate