BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
MICHAEL J. KAHN, SBN 303289
  mjkahn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br><br>            Defendants. | CASE NO. 2:19-cv-00986-FMO-SK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STAY**<br><br>**Hearing:**<br>Date:        TBD<br>Time:        TBD<br>Place:       Courtroom 6D<br>Judge:      Hon. Fernando M. Olguin<br><br>Action Filed:        February 8, 2019 |

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY
CASE NO. 2:19-cv-00986-FMO-SK

The Court should deny Plaintiff's attempt to avoid briefing on Defendants' pending motion to dismiss through an improper *ex parte* application.  ECF No. 68.

The *ex parte* application should be denied because there is no emergency here warranting the extraordinary relief requested.  To justify *ex parte* relief, the moving party must demonstrate that, absent the relief requested, the moving party will suffer irreparable harm.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).  Plaintiff does not even mention irreparable harm in his *ex parte* application, let alone provide a basis for this Court to conclude that Plaintiff will suffer irreparable harm merely by filing an opposition brief on a pending motion.  Plaintiff's belief that it "would [] be a waste of [] time" to proceed before the results of the pending KPMG audit is released (ECF No. 68-1 at 4) is not irreparable harm as a matter of law.  *See Craftwood II, Inc. v. Tomy Int'l*, *Inc.*, 2013 WL 12140944, at *1 (C.D. Cal. Sept. 19, 2013) (moving party "must show more than its being required to 'expend resources' to justify ex parte action").

Under the Federal Rules of Civil Procedure and the Local Rules of this district, "*notice* motions should be the rule and not the exception," *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989), because "observing the standard structure and timetable for motions aids both the Court and the litigants," *Craftwood II*, 2013 WL 12140944, at *1.  Baseless *ex parte* applications such as this one contravene these rules by imposing a burden on the Court and opposing parties, who are required to file a response under immense time pressure—and, here, in the midst of a national health crisis.  *Id.*  This is why *ex parte* applications "are solely for extraordinary relief and are rarely granted."  https://www.cacd.uscourts.gov/honorable-fernando-m-olguin. Plaintiff's *ex parte* application—the *fifth* he has filed in this case—should be denied on this basis.  *See* ECF Nos. 38, 41, 48, 54, 68.

The *ex parte* application also should be denied because the sole basis for the requested relief—the forthcoming results of a KPMG audit of Wirecard—has no bearing on Defendants' pending Motion to Dismiss.  The Motion to Dismiss must be

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn &
Crutcher LLP

decided based on Plaintiff's operative complaint, which does not mention the forthcoming results from KPMG. Plaintiff is therefore wrong that his "opposition could be substantially impacted by the results of the KPMG audit" (ECF. No. 68-1 at 4), because Plaintiff "may not use his opposition to raise and argue new allegations or claims not in the complaint." *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (emphasis in original).

The KPMG audit also could not possibly impact Defendants' arguments that Plaintiff's complaint must be dismissed on *forum non conveniens* grounds and for lack of personal jurisdiction. ECF No. 64-1 at 5-14. Because both of those grounds for dismissal are fully developed and warrant dismissal of Plaintiff's complaint without leave to amend, there is no basis to stay this action on the hope that Plaintiff will have the chance to file another complaint after the KPMG audit results are released.

Plaintiff's *ex parte* application also is a head scratcher given what already has been disclosed about the KPMG report. Plaintiff's complaint focuses on alleged accounting fraud in Singapore, ECF No. 62 ¶¶ 90-94, 98-101, 140, but Wirecard already has disclosed that KPMG's investigation into the Singapore allegations has "not produced any substantial findings . . . that would lead to a need for correction of [Wirecard's] annual financial statements for the 2016, 2017 and 2018 investigation periods."[1] The forthcoming report therefore is highly unlikely to help Plaintiff's case.

---

[1] *Wirecard: KPMG's special audit has no impact on the annual financial statements of the period under review in the areas of investigation India, Singapore and Merchant Cash Advance. The investigation of third-party partner business is still ongoing.*, available at https://ir.wirecard.com/websites/wc/English/3150/financial-news.html?newsID=1923073.

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn & Crutcher LLP

Plaintiff should either voluntarily dismiss his deficient pleading or file his opposition to the Motion to Dismiss on the current schedule.  There is no basis for an emergency stay.  The *ex parte* application should be denied.

Dated:  April 9, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Brian M. Lutz*

Brian M. Lutz
Michael J. Kahn
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
blutz@gibsondunn.com
mjkahn@gibsondunn.com

*Attorneys for Defendants*

Gibson, Dunn &
Crutcher LLP

3

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY
CASE NO. 2:19-cv-00986-FMO-SK