Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com


*Attorneys for Lead Plaintiff Lawrence Gallagher*
*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf Of All Other Similarly Situated<br><br>                          Plaintiff,<br><br>        v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br>                          Defendants. | Case No.  2:19-cv-00986-FMO-SK<br><br>**REPLY IN FURTHER SUPPORT OF EX PARTE APPLICATION FOR ORDER STAYING CASE**<br><br>Date:          TBD<br>Time:          TBD<br>Courtroom:  6D<br>Judge:        Hon. Fernando M. Olguin |

010821-11/1255558 V1

Defendants' opposition only supports the conclusion that this Court should grant Lead Plaintiff's Ex Parte Application,[1] and enter an Order staying this case to June 22, 2020.

***First***, KPMG's audit is highly relevant and has a direct bearing on this case. Contrary to Defendants' claim that the operative complaint "does not mention the forthcoming results from KPMG," (ECF No. 69 at 2) the Amended Complaint repeatedly points to KPMG's audit, and its impending release, as an integral part of Plaintiff's claims. *See* ECF No. 62 at n. 35; ¶¶ 5, 152-154. In addition, as Defendants do not dispute: (1) KPMG is still investigating Wirecard's accounting practices involving its third-party partner businesses; (2) KPMG's investigation directly implicates, and may even be dispositive to, the allegations in this case concerning Wirecard's operations; (3) KPMG's audit results, as well as Wirecard's annual financial statements and its annual press conference, were each delayed; (4) the reason for the delay has been attributed to "corona virus-related travel restrictions"; and (5) KPMG's audit is now expected to be completed on April 22nd.

Moreover, courts routinely grant stays pending potentially dispositive matters, frequently, even, when the dispositive matter is in an entirely different case. It is well-settled that the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of

---

[1] *See* ECF No. 68.

REPLY IFSO EX PARTE APPLICATION                                                      - 1
Case No.: 2:19-cv-00986-FMO-SK
010821-11/1255558 V1

independent proceedings which bear upon the case." *Glapion v. Kroll Assocs.*, No. CV 16-0828 FMO (AJWx), 2016 U.S. Dist. LEXIS 144306, at \*1-2 (C.D. Cal. Oct. 18, 2016) (*citing Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir.), cert. denied, 444 U.S. 827, 100 S. Ct. 51, 62 L. Ed. 2d 34 (1979).

*Second*, Defendants' argument that "Wirecard already has disclosed that KPMG's investigation into the Singapore allegations has 'not produced any substantial findings…'" ignores the fact that the investigation into Wirecard's third party partner businesses – which involve a wide range of non-Singapore entities – is still pending. As the Amended Complaint alleges, Wirecard "operates its business through a ***worldwide network of subsidiaries and affiliated companies*** whose activities and financial data were misleadingly represented by the Company's top executives during the Class Period (ECF No. 62 ¶ 15); *see also* ¶ 3 ("This case arises from Wirecard's deliberate use of improper accounting to conceal a concerted effort to fraudulently inflate sales and profits at Wirecard businesses in ***Dubai, Ireland, and elsewhere***, as well as to mislead Ernst & Young ("EY"), Wirecard's auditor.") (emphasis added); *see also* ECF No. 62 ¶¶ 108-127, 146-149, 153, 155.

*Finally*, Defendants have not identified any prejudice, legal or equitable, that will be caused should the Court grant the requested stay. Defendants cannot articulate how or why a brief two-month stay will adversely impact their ability to defend themselves against Lead Plaintiff's claims. Rather, Defendants' motion to dismiss raises complex issues regarding jurisdiction, *forum non convenience*, loss causation,

failure to state a claim, scienter and falsity, among other issues (*see* ECF No. 64-1). Since Plaintiff concedes that the KPMG audit results are potentially dispositive of the issue of falsity, and the results are expected shortly, proceeding with this motion at this time would be a waste of this Court's time.

Accordingly, the requested relief should be granted.

DATED: April 10, 2020           HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ *Danielle Smith*
Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292


Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*

REPLY IFSO EX PARTE APPLICATION        - 3
Case No.: 2:19-cv-00986-FMO-SK
010821-11/1255558 V1