# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, individually and on behalf of all others similarly situated, et al. | Case No. CV 19-0986 FMO (SKx) |
| Plaintiffs, | **ORDER RE: PENDING MOTION** |
| v. | |
| WIRECARD AG, et al., | |
| Defendants. | |

Having reviewed the briefing filed with respect to defendants' Motion to Dismiss the First Amended Class Action Complaint ("FAC"), (Dkt. 64, "Motion"), the court will deny the Motion without prejudice for referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Citing the doctrines of incorporation-by-reference and judicial notice, defendants ask the court to consider six exhibits filed in support of their Motion. (See Dkt. 65, Request For Judicial Notice ("RJN") at 1).

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018), cert. denied, 139 S.Ct. 2615

(2019). "[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. (internal quotation marks omitted). The "mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" Id. (internal quotation marks omitted). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." Id.

The instant Motion reflects improper application of the incorporation-by-reference doctrine. See Khoja, 899 F.3d at 1002-03. As an example, defendants ask the court to incorporate by reference a March 26, 2019, press release published by Wirecard, which is cited in only two paragraphs of plaintiffs' FAC. (See Dkt. 65, RJN at 3). Additionally, defendants seek incorporation-by-reference of Wirecard's Annual Reports for 2015, 2016, 2017, and 2018. (See id. at 2). Again, plaintiff only cites each Annual Report a handful of times in the FAC, and did not attach the Annual Reports as exhibits to the FAC. (See Dkt. 62, FAC at ¶¶ 128-36, 138-41). The court cannot conclude that the FAC "refers extensively to [these] document[s] [n]or that the document[s] form[] the basis of . . . plaintiff['s] claim." Khoja, 899 F.3d at 1002 (internal quotation marks omitted). Moreover, defendants use many of these documents to "create[ ] a defense to the well-pled allegations in the complaint[.]" See id. For example, defendants cite the 2015 Wirecard Annual Report to rebut plaintiffs' contention that "Wirecard's statements about countering internal misuse of data are misleading because of alleged accounting fraud in its Singapore office." (See Dkt. 64-1, Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Motion to Dismiss ("Memo.") at 19) (internal quotation marks and citations omitted). Additionally, defendants cite the "documents incorporated by reference in the FAC" to argue that "Plaintiff cannot plead the that 'adjustments' were 'material.'" (See id. at 21 n. 7). Such documents, however, cannot be incorporated-by-reference because they are being used to support "a defense to the well-pled allegations in the complaint[.]" See Khoja, 899 F.3d at 1002.

Defendants also ask the court to take judicial notice of several documents they use to support their Motion. (See Dkt. 65, RJN at 2-3). Facts subject to judicial notice are those which

are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "A court must also consider – and identify – which fact or facts it is noticing" under Federal Rule of Evidence 201(b). Khoja, 899 F.3d at 999. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id. Here, defendants do not indicate which facts within the exhibits they ask the court to judicially notice. (See, generally, Dkt. 65, RJN). Rather, defendants simply request that the court take judicial notice of the documents in their entirety. (See id.). Because defendants do not identify which facts within the exhibits they ask the court to judicially notice nor do they explain why the court can judicially notice those facts, the court declines to take judicial notice of the documents at issue.

The instant Motion reflects "[t]he overuse and improper application of judicial notice[,]" see Khoja, 899 F.3d at 998, and the incorporation-by-reference doctrine. Indeed, the Ninth Circuit recently noted "a concerning pattern in securities cases like this one: exploiting [the doctrines of incorporation-by-reference and judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." Id. When defendants in securities cases succumb to the "alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint," the result can be "premature dismissals of plausible claims that may turn out to be valid after discovery." Id. "This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." Id. That appears to be the dynamic at play in the instant Motion.

The court is persuaded that the documents and the arguments raised in the pending Motion that rely upon those documents would more appropriately be considered at summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not

consider it."); see, e.g., Columbia River People's Utility Dist. v. Portland Gen. Elec. Co., 40 F.Supp.2d 1152, 1153-54 (D. Or. 1999) (court has discretion whether to consider materials outside the pleadings and "convert the motion to dismiss to a motion for summary judgment"); Williams v. Cty. of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings.).

Based on the foregoing, IT IS ORDERED THAT:

1.  Defendants' Motion to Dismiss the First Amended Class Action Complaint **(Document No. 64)** is **denied without prejudice**.

2.  Plaintiffs' Ex Parte Application for Order Staying the Case **(Document No. 68)** is **denied as moot**.

3.  Defendants shall file their Answer to the Complaint or a Rule 12(b)(6) motion without incorporating any documents by reference or attaching any exhibits no later than **April 29, 2020**. Dated this 15th day of April, 2020.

/s/
Fernando M. Olguin
United States District Judge
