Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*
*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf Of All Other Similarly Situated<br><br>                              Plaintiff,<br><br>     v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br>                              Defendants. | Case No.  2:19-cv-00986-FMO-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S *EX PARTE* APPLICATION TO STAY BRIEFING ON MOTION TO DISMISS, NOTICE OF INTENT AND REQUEST TO FILE MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**<br><br>Date:        TBD<br>Time:        TBD<br>Courtroom:   6D<br>Judge:       Hon. Fernando M. Olguin |

010821-11/1260812 V1

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   ARGUMENT ...................................................................................... 6

    A.    Good Cause Exists for *Ex Parte* Relief ...................................... 6

    B.    Leave to Amend Should be Granted. ............................................ 8

        1.    Proposed Amendments .................................................... 9

        2.    Plaintiff's proposed amendments do not cause undue prejudice to Defendants. ................................................ 9

        3.    Plaintiff's proposed amendments are not made in bad faith and there has not been undue delay ................................ 10

        4.    Plaintiff's proposed amendments are not futile ........................... 11

III.  CONCLUSION .................................................................................. 11

MPA ISO EX PARTE APPLICATION                                                    - 1
Case No.: 2:19-cv-00986-FMO-SK

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*C.F. v. Capistrano Unified Sch. Dist.*,
  656 F. Supp. 2d 1190 (C.D. Cal. 2009)...................................................................9

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) .........................................................................8, 9

*Foman v. Davis*,
  371 U.S. 178 (U.S. 1962) ..................................................................................8

*In re Fritz Cos. Sec. Litig.*,
  282 F. Supp. 2d 1105 (N.D. Cal. 2003)..............................................................10

*Griggs v. Pace Am. Grp., Inc.*,
  170 F.3d 877 (9th Cir. 1999)..............................................................................8

*Grisham v. Philip Morris, Inc.*,
  670 F. Supp. 2d 1014 (C.D. Cal. 2009)..............................................................10

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988) ............................................................................11

*Mission Power Engineering Co. v. Continental Casualty Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995)......................................................................7

## Other Authorities

Fed. R. Civ. P. 15(a)(2)..........................................................................................8

## **MEMORANDUM OF POINTS AND AUTHORITIES[1]**

Lead Plaintiff Lawrence Gallagher ("Lead Plaintiff" or "Plaintiff"), by and through his undersigned counsel, hereby requests permission to file a Motion for Leave to Amend the First Amended Class Action Complaint for Violation of the Federal Securities Laws ("First Amended Complaint") within 30 days of Defendant Wirecard AG's ("Wirecard" or the "Company") publication of its second quarter financial results for the period ended June 30, 2020 ("Q2 2020"), estimated to be filed on or about August 5, 2020, incorporating its financial results for that period. In addition, Plaintiff hereby requests that the Court stay all briefing on the pending motion to dismiss the First Amended Complaint.

## I.      INTRODUCTION

Two days ago, on April 28, 2020, and after months of repeated assurances to the investing public that KPMG's audit would produce no significant negative

---

[1] Exhibits ("Ex.") refer to the exhibits to the Declaration of Danielle Smith in Support of Lead Plaintiffs' *Ex Parte* Application to Stay Briefing On Motion to Dismiss, Notice of Intent and Request to File Motion for Leave to Amend the First Amended Complaint ("Smith Decl."), filed concurrently herewith.

findings,[2,3,4,5] Wirecard published a highly-anticipated report of KPMG's special audit of the Company's accounting practices.[6] KPMG's audit investigated allegations raised by both the *Financial Times* and the First Amended Complaint[7] concerning Wirecard's accounting of third party business acquisitions and partnerships, which

---

[2] *See* Ex. A, *Press Release, Wirecard: KPMG's special audit has no impact on the annual financial statements of the period under review in the areas of investigation India, Singapore and Merchant Cash Advance* (Mar. 12, 2020), https://www.dgap.de/dgap/News/corporate/wirecard-kpmgs-special-audit-has-impact-the-annual-financial-statements-the-period-under-review-the-areas-investigation-india-singapore-and-merchant-cash-advance-the-investigation-thirdparty-partner-business-still-ongoing/?newsID=1293373 (last accessed Apr. 30, 2020) (*previously available at* https://ir.wirecard.com/websites/wc/English/3150/financial-news.html?newsID=1923069) (last accessed Apr. 7, 2020).

[3] Ex. B, Press Release, *Wirecard AG: KPMG's special audit* (Mar. 12, 2020), https://ir.wirecard.com/websites/wirecard/English/5110/news-detail.html?newsID=1923069&fromID=5000) (last accessed Apr. 30, 2020).

[4] Ex. C, Press Release, *Wirecard AG: KPMG special review lasts until April 27 2020. Analysis so far provides no evidence of balance sheet manipulation* (Apr. 22, 2020), https://ir.wirecard.com/websites/wirecard/English/5110/news-detail.html?newsID=1949977&fromID=1000 (last accessed Apr. 30, 2020).

[5] Ex. D, Aishwarya Nair, *KPMG audit finds no manipulation in Wirecard's financial statements*, Reuters (Mar. 12, 2020), https://www.reuters.com/article/us-wirecard-accounting/kpmg-audit-finds-no-manipulation-in-wirecards-financial-statements-idUSKBN20Z3UI (last accessed Apr. 30, 2020).

[6] Ex. E, Press Release, *Wirecard AG: KPMG delivers report on special investigation* (Apr. 28, 2020), https://www.wirecard.com/company/press-releases/wirecard-ag-kpmg-delivers-report-on-special-investigation (last accessed Apr. 30, 2020); KPMG report (Apr. 27, 2020), https://www.wirecard.com/uploads/Bericht_Sonderpruefung_KPMG.pdf (last accessed Apr. 30, 2020).

[7] *See* First Am. Compl., ECF No. 62 ¶¶ 108-127, 146-149, 153, 155.

MPA ISO EX PARTE APPLICATION                                                                 - 2
Case No.: 2:19-cv-00986-FMO-SK

historically represented a significant portion of Wirecard's revenues and profits.[8]

In the hours following the release of the KPMG report, analysts and journalists quickly noted the report's alarming adverse findings. Most critically, KPMG was unable to verify over $1 billion in transactions with third parties due to Wirecard's apparent refusal or inability to provide relevant data.[9] KPMG's examination of the third party business is still ongoing, and the publication of Wirecard's annual results was postponed once again.[10] KPMG encountered delays and obstacles to the investigation, including "an absence of original documents such as bank records, a 'significant delay' in accessing material and difficulty in securing interviews with key Wirecard employees."[11] One analyst described the report as "anything but a clean bill of health," and added that the years 2016 to 2018 "remain a black hole" that left Wirecard "wide open to further allegations."[12] The same day, on April 28, 2020, a

---

[8] *Id*. ¶¶ 119, 146, 155.

[9] Ex. F, Sarah Syed and Eyk Henning, *Wirecard Says KPMG Could Not Review All Data for Audit*, Bloomberg (Apr. 28, 2020), https://finance.yahoo.com/news/wirecard-says-kpmg-could-not-061125248.html (last accessed Apr. 30, 2020).

[10] Ex. G, Olaf Storbeck and Dan McCrum, *KPMG unable to verify Wirecard's third-party profits*, Financial Times (Apr. 28, 2020), https://www.ft.com/content/56a2057c-b975-4965-b0cf-641b83ee0f82 (last accessed Apr. 30, 2020).

[11] *Id*.

[12] Ex. H, Patricia Uhlig, Hans Seidenstuecker and Aradhana Aravindan, *Wirecard Shares Crash 26% After Critical KPMG Audit*, The New York Times (Apr. 28, 2020), https://www.nytimes.com/reuters/2020/04/28/technology/28reuters-wirecard-auditor-report.html (last accessed Apr. 30, 2020).

prominent investor published an open letter to Wirecard's supervisory board stating that KPMG's inability to verify Wirecard's financial statements raised additional questions over management's compliance with anti-money laundering and know-your-customer laws, and called for the removal of CEO Markus Braun.[13]

As a result, Wirecard's stock and corresponding ADR prices plunged on April 28, 2020 by approximately 26%.[14] Plaintiff received notice of KPMG's audit results after the publication of the report on April 28, 2020. In light of this news, counsel for Plaintiff has determined that the fraud, which had been alleged in the First Amended Complaint to have concluded on October 15, 2019, was ongoing.

Amending the First Amended Complaint is necessary to include the afore-mentioned recent disclosures and more detailed information soon to be published in the Company's second quarter 2020 financial results relevant to the fraudulent practices described in the First Amended Complaint. The April 28, 2020 publication

---

[13] Ex. I, Chris Hohn and Max Schroeder, Letter: *Audit of Wirecard by KPMG*, TCI Fund Management Limited (Apr. 28, 2020), https://www.tcifund.com/files/corporateengageement/wirecard/TCI%20-%20Letter%20to%20Wirecard%2028%20April%202020.pdf (last accessed Apr. 30, 2020).

[14] Ex. J, Douglas Busvine, *Wirecard shares crash 26% after critical KPMG audit*, Reuters (Apr. 27, 2020), https://www.reuters.com/article/us-wirecard-auditor-report/kpmg-audit-finds-fault-with-wirecard-shares-slump-19-idUSKCN22A0R4?il=0 (last accessed Apr. 30, 2020); Douglas Busvine, *Wirecard slides again after short seller demands CEO's head*, Reuters (Apr. 29, 2020), https://finance.yahoo.com/news/wirecard-slides-again-short-seller-102051594.html (last accessed Apr. 30, 2020).

of KPMG's audit results revealed that the fraudulent conduct, which Lead Plaintiff originally alleged had concluded on October 15, 2019, in fact continued, and thus warrants an expansion of the current class period to incorporate the April 28, 2020 disclosures and second quarter 2020 financial results. The audit results further revealed greater evidence of a cover-up of fraudulent accounting practices, the Company's failure to adhere to applicable know-your-customer and anti-money laundering laws with respect to its third party business acquisitions, and the continued publication of false and misleading statements up to April 28, 2020, among other issues, each warranting incorporation in the amended complaint.

The English version of KPMG's report, currently published only in German, has not yet been made available,[15] and the release of Wirecard's 2019 annual report is now expected to be published in May 2020.[16] Allowing Plaintiff to amend the complaint after the release of Wirecard's Q2 2020 financial results would permit Plaintiff to provide the most complete complaint possible and would also prevent further waste of judicial and litigant resources occasioned by continued briefing of a motion to dismiss concerning a complaint which will shortly be superseded.

---

[15] *See KPMG delivers report on special investigation*, Wirecard AG (Apr. 28, 2020), https://www.wirecard.com/en-us/transparency (last accessed April 30, 2020) ("English version of the report is coming soon. Please find German version for now.").

[16] *Financial Calendar*, Wirecard AG, https://ir.wirecard.com/websites/wirecard/English/7000/events.html#financialcalendar ) (last accessed April 30, 2020).

Accordingly, Plaintiff respectfully requests that the Court order that Plaintiff may file his Motion for Leave to Amend the First Amended Complaint no later than 30 days following the filing of Wirecard's Q2 2020 financial results.

Lead Plaintiff provided telephonic notice to Defendants' counsel prior to filing this ex parte application, who stated that they intend to oppose the requested relief. Smith Decl. ¶¶ 2-4. Pursuant to Local Rule 7-19, the name, address, telephone number and e-mail address of Defendants' counsel are as follows:

> Brian M. Lutz
> Michael J. Kahn
> GIBSON, DUNN & CRUTCHER LLP
> 555 Mission Street, Suite 3000
> San Francisco, CA  94105-0921
> Telephone: (415) 393-8379
>                  (415) 393-8316
> Facsimile:  (415) 393-8306
> Email: blutz@gibsondunn.com
>            mjkahn@gibsondunn.com

## II.    ARGUMENT

### A.    Good Cause Exists for *Ex Parte* Relief.

*Ex Parte* relief is proper where the moving party can show that "[its] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the

crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."[17]

The requirements for *ex parte* relief are satisfied here. Plaintiff did not create the crisis that requires *ex parte* relief. *Ex parte* relief is required solely because Defendants have repeatedly mischaracterized the results of the KPMG audit, presenting themselves as having been cleared of all misconduct while in actuality they prevented KPMG from adequately conducting the audit.

Plaintiff first learned of this conduct only once the audit report was released and analysts and journalists began reporting on its findings. Plaintiff's counsel has promptly sought leave to amend the complaint to incorporate the new facts and expanded class period. Defendants' conduct exhibits a clear effort to conceal fraudulent conduct. If Defendants are permitted to proceed with the motion to dismiss, Plaintiff and class members will be irreparably injured as they will face a dispositive motion without having an opportunity to provide a more fully informed complaint. Defendants' actions alone have caused the need for this *ex parte* motion. For these reasons, good cause exists for *ex parte* relief.

Despite Plaintiff's notification to Defendants of his intent to amend the complaint by stipulation or motion, Defendants persisted in their insistence upon

---

[17] *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

proceeding with the current briefing on the motion to dismiss. Continuing with the current motion to dismiss would constitute an unnecessary and extreme waste of judicial and litigant resources further justifying *ex parte* relief. Plaintiff, therefore, requests that the Court stay all briefing on the soon-to-be superseded First Amended Complaint.

## B.     Leave to Amend Should be Granted.

A party may amend its pleading by acquiring leave of the court, and the court is compelled to "freely give leave when justice so requires."[18] In deciding whether to grant leave, the court "determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"). Among these four factors, the prejudice to the opposing party "carries the greatest weight."[19] "Absent prejudice, or a strong showing of any of the

---

[18] Fed. R. Civ. P. 15(a)(2).

[19] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."[20] The burden is on the party opposing amendment to rebut the presumption in favor of liberal amendments.[21]

Here, Defendants cannot demonstrate any of the four factors. Defendants will not be prejudiced by the addition of these claims. In addition, Plaintiff acted in good faith in bringing this Application upon the release of KPMG's audit report and upon learning of how brazenly Defendants mischaracterized the audit. Plaintiff also did not act with undue delay, and has diligently pursued this Application in a timely manner. Finally, the proposed claims are not futile. Granting Plaintiff leave to amend the complaint is appropriate in this matter.

### 1. Proposed Amendments

The proposed amendments would expand the class period to incorporate KPMG's audit findings and Wirecard's 2019 annual report and second quarter 2020 financial reports, including relevant statements made by Defendants during those periods.

### 2. Plaintiff's proposed amendments do not cause undue prejudice to Defendants.

The prejudice to the opposing party carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052. "Indicators of prejudice include a need to reopen discovery

---

[20] *Id.*

[21] *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1192 (C.D. Cal. 2009).

or the addition of complaints or parties." *In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003). If the new claims involve the same or derivative facts already in the complaint, however, there is no prejudice. *See Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1023 (C.D. Cal. 2009) (finding that amendment did not cause "unfair surprise" to defendant since defendant had reason to know there would be such addition, and thus there was no prejudice). This case is still at an early stage and no discovery has been conducted. This factor weighs in favor of a lack of prejudice to Defendants.

Moreover, neither the expanded class period nor the additional claims regarding Wirecard's accounting practices will cause undue prejudice to Defendants. The expanded class period stems from Defendants' more recent intentional fraudulent conduct—conduct that Defendants concealed and actively misrepresented because they recognized it was unlawful. Here, Defendants' own conduct necessitates the expansion of the class period. The claims concerning Wirecard's accounting practices support and center on essentially the same facts that have been alleged since the initial complaint. For these reasons, the proposed amendments will not cause undue prejudice to the opposing party.

### 3.    Plaintiff's proposed amendments are not made in bad faith and there has not been undue delay

Plaintiff files the present application only two days since first learning that Defendants' repeated statements concerning the KPMG audit were false, and Plaintiff

MPA ISO EX PARTE APPLICATION                                                                          - 10
Case No.: 2:19-cv-00986-FMO-SK

proposes these amendments in good faith. There is no basis for saying Plaintiff acted with undue delay.

### 4.   Plaintiff's proposed amendments are not futile

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[22] Here, Plaintiff's claims are not clearly subject to dismissal. In fact, the issues raised as part of KPMG's audit provide evidence that Plaintiff is more likely than not to prevail in the proposed claims. For instance, KPMG's report of Wirecard's repeated failure to provide documents requested by KPMG,[23] and its "difficulty in securing interviews with key Wirecard employees,"[24] all while Wirecard simultaneously announced positive audit results to the public,[25] are strongly indicative of an intent to commit and conceal the fraud. The proposed new claims are therefore supported by strong evidence and are not futile.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that briefing of the pending motion to dismiss be vacated pending resolution of Plaintiff's Motion for Leave to Amend the First Amended Complaint. Lead Plaintiff will consult with

---

[22] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

[23] Ex. H.

[24] Ex. G.

[25] Exs. A-D.

defendants concerning an appropriate briefing schedule and hearing date for Plaintiff's motion to amend.

DATED: April 30, 2020                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:    /s/ *Danielle Smith*
Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*