BRIAN M. LUTZ, SBN 255976
   blutz@gibsondunn.com
MICHAEL J. KAHN, SBN 303289
   mjkahn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br><br>               Defendants. | CASE NO. 2:19-cv-00986-FMO-SK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STAY BRIEFING ON MOTION TO DISMISS, NOTICE OF INTENT AND REQUEST TO FILE MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:      TBD<br>Time:     TBD<br>Place:    Courtroom 6D<br>Judge:   Hon. Fernando M. Olguin<br><br>Action Filed:    February 8, 2019 |

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY AND
REQUEST TO FILE MOTION TO AMEND
CASE NO. 2:19-cv-00986-FMO-SK

The Court should deny Plaintiff's *second* attempt to avoid filing a response to Defendants' pending motion to dismiss through yet another improper *ex parte* application. ECF No. 74; *see also* ECF No. 68. It is clear that Plaintiff has no response to Defendants' Motion to Dismiss, especially the arguments that this case must be dismissed on *forum non conveniens* and personal jurisdiction grounds—defects that *cannot be cured by amendment.* The Court should reject Plaintiff's delay tactics, deny his *ex parte* application to stay, and grant Defendants' unopposed Motion to Dismiss with prejudice.[1]

**1.     Plaintiff's Improper And Abusive Use Of *Ex Parte* Procedures Should Be Rejected.**

As before, Plaintiff's *ex parte* application should be denied because there is no emergency here warranting the extraordinary relief requested. To justify *ex parte* relief, the moving party must demonstrate that, absent the relief requested, it will suffer irreparable harm. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). Plaintiff does not provide a basis for this Court to conclude that Plaintiff will suffer irreparable harm merely by filing an opposition brief on a pending motion. Plaintiff's belief that it would be a "waste of judicial and litigant resources" to brief Defendants' motion to dismiss (ECF No. 74-2 at 8) is not irreparable harm as a matter of law. *See Craftwood II, Inc. v. Tomy Int'l, Inc.*, 2013 WL 12140944, at \*1 (C.D. Cal. Sept. 19, 2013) (moving party "must show more than its being required to 'expend resources' to justify ex parte action"). To the contrary, adhering to the case schedule is the best way to conserve resources, not, as Plaintiff has

---

[1] It was completely unnecessary for Plaintiff to file an *ex parte* application to "give[] notice" that he "intends to file" a noticed motion for leave to amend in the future. ECF No. 74 at 1. Plaintiff can just file such a motion if he believes in good faith that amendment can cure the deficiencies identified in Defendants' Motion to Dismiss—which is hard to imagine given the *forum non conveniens* and personal jurisdiction defects in the current complaint, which cannot be cured. Defendants will respond to that motion if and when it is filed, and will not engage with Plaintiff's preview of his arguments that he improperly makes in this *ex parte* application to *stay*. ECF No. 74-2 at 8-11.

1

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY AND REQUEST TO FILE MOTION TO AMEND
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn & Crutcher LLP

attempted time and again, delaying the deadline to respond to Defendants' Motion to Dismiss by filing needless and improper *ex parte* applications. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("[t]imetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes.").

Under the Federal Rules of Civil Procedure and the Local Rules of this district, "*notice* motions should be the rule and not the exception," *id.*, because "observing the standard structure and timetable for motions aids both the Court and the litigants," *Craftwood II*, 2013 WL 12140944, at *1. Baseless *ex parte* applications such as this one contravene these rules by imposing a burden on the Court and opposing parties, who are required to file a response under immense time pressure—and, here, in the midst of a national health crisis. *Id.* This is why *ex parte* applications "are solely for extraordinary relief and are rarely granted." https://www.cacd.uscourts.gov/honorable-fernando-m-olguin. Plaintiff's *ex parte* application—the *sixth* he has filed in this case, in clear abuse of the *ex parte* process—should be denied on this basis. *See* ECF Nos. 38, 41, 48, 54, 68, 74.[2]

**2.    A Stay Is Not Warranted To Avoid Dismissal Of Plaintiff's Deficient Complaint.**

The *ex parte* application also should be denied because the sole basis for the requested stay—to wait for the impact of KPMG's audit, if any, on Wirecard's financials—has no bearing on Defendants' pending Motion to Dismiss. The Motion to Dismiss must be decided based on Plaintiff's operative complaint. What Wirecard

---

[2] The Court also should deny the *ex parte* application because Plaintiff never told Defendants he was seeking a stay to avoid responding to the Motion to Dismiss. As Plaintiff acknowledges, he was required to inform Defendants' counsel "of the date and *substance* of the proposed ex parte application." L.R. 7-19.1 (emphasis added). But while counsel for Plaintiff and Defendants did speak on April 28, Plaintiff's counsel did not say Plaintiff intended to "seek an order temporarily staying this case" as she claims. ECF No. 74-3, ¶ 3. She only said that Plaintiff intended to seek leave to amend his complaint, which Defendants' counsel said they would oppose. Declaration of Brian Lutz, ¶ 1. This is another basis for denying the *ex parte* application.

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY AND REQUEST TO FILE MOTION TO AMEND
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn & Crutcher LLP

reports about its financials in the *future* is irrelevant to whether Plaintiff's *current* complaint states a claim.  Thus, Plaintiff's argument that he and other putative "class members will be irreparably injured as they will face a dispositive motion without having an opportunity to provide a more fully informed complaint" is nonsense.  ECF No. 74-2 at 7.

More fundamentally, the new "facts" that Plaintiff wants to incorporate into an amended complaint could not possibly change the fact that this action must be dismissed on *forum non conveniens* grounds and for lack of personal jurisdiction— clear grounds for dismissal of the existing complaint that Plaintiff has not opposed.  ECF No. 73-1 at 5-14.  The KPMG audit Plaintiff says he wants to add to a new complaint has nothing to do with Defendants' improper forum and personal jurisdiction arguments.  ECF No. 74-2 at 4.  As set forth in Defendants' Notice of Plaintiff's Failure to Oppose the Motion to Dismiss, filed concurrently herewith, the inconvenient forum and jurisdictional grounds for dismissal are fully developed and warrant dismissal of Plaintiff's complaint without leave to amend.

Plaintiff does not—and cannot—dispute this.  Defendants have repeatedly argued that this action should be dismissed without leave to amend because the jurisdictional and forum defects cannot be cured, *see* ECF Nos. 69, 71 & 73-1, but Plaintiff has never argued (because he cannot do so in good faith) that an amendment would change the threshold issues in this case:  that this is the wrong forum for this dispute and the Defendants are not subject to personal jurisdiction in this Court.  Plaintiff's silence tells this Court everything it needs to know:  any amendment cannot cure these threshold pleading defects.

Under these circumstances, the *ex parte* application should be denied, and the unopposed Motion to Dismiss should be granted.

Gibson, Dunn &
Crutcher LLP

3

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY AND
REQUEST TO FILE MOTION TO AMEND
CASE NO. 2:19-cv-00986-FMO-SK

Dated:  May 1, 2020

GIBSON, DUNN & CRUTCHER LLP


By: /s/ *Brian M. Lutz*

Brian M. Lutz
Michael J. Kahn
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
blutz@gibsondunn.com
mjkahn@gibsondunn.com

*Attorneys for Defendants*

DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO STAY AND
REQUEST TO FILE MOTION TO AMEND
CASE NO. 2:19-cv-00986-FMO-SK

Gibson, Dunn &
Crutcher LLP