Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*
*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf Of All Other Similarly Situated<br><br>                              Plaintiff,<br><br>      v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, and SUSANNE STEIDL,<br>                              Defendants. | Case No.  2:19-cv-00986-FMO-SK<br><br>**REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFFS' *EX PARTE* APPLICATION TO STAY BRIEFING ON MOTION TO DISMISS, NOTICE OF INTENT AND REQUEST TO FILE MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**<br><br>Date:            TBD<br>Time:            TBD<br>Courtroom:   6D<br>Judge:           Hon. Fernando M. Olguin |

010821-11/1261352 V1

Defendants do not deny that Wirecard and its executives brazenly misrepresented themselves as having been cleared of all negative findings for months, and even publicly declared that there was "no evidence of balance sheet manipulation" and "no substantial findings have been made in all four areas of the audit" just a few days before the release of the KPMG audit.[1] The instant *ex parte* application follows the release of the KPMG audit, which, in direct contrast to Defendant's statements, indicated an inability of KPMG to verify over $1 billion in transactions, as well as Wirecard's apparent lack of cooperation with KPMG"s investigation.[2]

The requested relief is appropriately granted on an *ex parte* basis, as it was only upon the release of the KPMG audit on April 28, 2020 that it was readily apparent that an amended complaint would be necessary to incorporate the newly revealed findings. Courts in this District and within the Ninth Circuit have granted such relief in similar circumstances. *See* Order Re: *Ex Parte* Motion for Leave to Amend Complaint, *Ermita Alabado, et al. v. French Concepts Inc.*, et al., No. 2:15-cv-02830, ECF No. 21 (C.D. Cal. Jul. 7, 2015) (granting *ex parte* application for leave to amend complaint) (**Exhibit A**); Order, *In Re Stec, Inc. Securities Litigation*, No. 8:09-cv-01304, ECF No. 71 (C.D. Cal. Mar. 26, 2010) (granting *ex parte* application to consolidate cases in securities class action, and allowing lead plaintiffs to expand the relevant class period to include the facts and claims resulting from a new disclosure in an amended

---

[1] *See* ECF No. 74-6 at 1.
[2] *See* ECF No. 74.

REPLY IFSO EX PARTE APPLICATION                                                    - 1
Case No.: 2:19-cv-00986-FMO-SK

complaint) (**Exhibit B**); Order Granting Lead Plaintiff's *Ex Parte* Application to Stay Briefing on Motions to Dismiss, *Lawrence Joseph v. UTStarcom, Inc.*, et al., No. 5:04-cv-04908, ECF No. 92 (N.D. Cal. Oct. 26, 2005) (granting *ex parte* application, vacating motion to dismiss briefing schedule, staying all briefing on the First Amended Complaint, and ordering Plaintiff to file a "motion for leave to amend the Complaint within 30 days of the entry of this Order") (**Exhibit C**).

The results of KPMG's audit warrant inclusion in the operative pleadings in this matter as the audit results have a direct bearing on this case. The First Amended Complaint repeatedly points to KPMG's audit, and its impending release, as an integral part of Plaintiff's claims. *See* ECF No. 62 at n. 35; ¶¶ 5, 152-154. The fact that there is evidence that Defendants may have obstructed the audit is highly probative of scienter. As this Court has found, the obstruction of an investigation "strongly suggests that other evidence of Defendants' scienter exists, but is not currently known to Plaintiffs." *In re Toyota Motor Corp. Sec. Litig.*, No. CV 10-922 DSF (AJWX), 2011 WL 2675395, at *4 n.8 (C.D. Cal. July 7, 2011).

Finally, Defendants' last ditch effort to claim they were unaware that a request to amend the complaint would be accompanied by request to stay briefing on the current motion to dismiss is without merit. As Defendants admit, and as L.R. 7-19.1 requires, Plaintiff's counsel made a "reasonable, good faith effort [to] orally [] advise counsel" for Defendants, if known, the date and *substance* of the proposed *ex parte* application – which is relief relevant to the filing of an amended complaint and the

REPLY IFSO EX PARTE APPLICATION                                                                          - 2
Case No.: 2:19-cv-00986-FMO-SK

basis for such relief. Clearly, the continued briefing of the motion to dismiss is unnecessary if the request to file an amended complaint is granted. *See also Free-Free (USA) Inc. v. Housewares Int'l Inc.*, No. 2:18-CV-03142-SJO-E, 2019 WL 4194307, at \*5 (C.D. Cal. Apr. 23, 2019). Defendants have yet to identify any prejudice, legal or equitable, that will be caused should the Court grant the requested relief. Defendants cannot articulate how or why an amended complaint or a stay on the motion to dismiss briefing will adversely impact their ability to defend themselves against Lead Plaintiff's claims.

Accordingly, the requested relief should be granted.

DATED: May 4, 2020

HAGENS BERMAN SOBOL SHAPIRO LLP
By: /s/ *Danielle Smith*
Danielle Smith (291237)
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*