# Exhibit A

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

<table>
<tr><td>ERMITA ALABADO, <u>et al</u>.</td><td>)</td><td>NO. CV 15-2830 FMO (AJW)</td></tr>
<tr><td>Plaintiffs,</td><td>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td><b>ORDER RE: EX PARTE MOTION FOR<br>LEAVE TO AMEND COMPLAINT</b></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>FRENCH CONCEPTS INC., <u>et al.</u>,</td><td>)<br>)</td><td></td></tr>
<tr><td>Defendants.</td><td>)<br>)</td><td></td></tr>
</table>

Having reviewed all the briefing filed with respect to plaintiff's Ex Parte Motion for Leave to Amend Complaint ("Motion"), the court concludes as follows.

Plaintiffs have moved to amend their complaint to add claims and an additional defendant and have applied for a writ of attachment, which they assert will ensure that they are able to collect damages if they ultimately prevail on their claims. (<u>See</u> Motion at 6). Good cause exists to consider plaintiff's Motion on an <u>ex parte</u> basis, as plaintiffs' "cause will be irreparably prejudiced if the underlying motion is heard according to regular notice motion procedures," and plaintiff "is without fault in creating the crises that requires ex parte relief[.]" <u>Mission Power Engineering Co. v. Continental Casualty Co.</u>, 883 F.Supp. 488, 492 (C.D. Cal. 1995). Requiring that they wait to have their motions heard according to regular noticed motion procedures may result in plaintiffs' being unable to stop the alleged fraudulent concealment and transfer of millions of dollars' worth of defendants' assets. (<u>See id.</u>). Additionally, plaintiffs have played no part in creating the crisis

that requires <u>ex parte</u> relief. Plaintiffs investigated the relevant financial transactions immediately after discovering them, and only learned as recently as June 28, 2015, that defendants have closed one of the two branches of their business. (<u>See</u> Motion at 4-5). Not only does defendants' assertion that plaintiffs have "delayed" and acted solely to "surprise and prejudice Defendants" (<u>see</u> Defendants' Opposition to Plaintiffs' Ex Parte Application for Leave to File Second Amended Complaint ("Opp.") at 5) appear to be inaccurate, but it rings especially hollow given the seriousness of plaintiffs' allegations. Accordingly, <u>ex parte</u> relief is warranted in this case.

The court also finds that plaintiffs are entitled to leave to amend their First Amended Complaint ("FAC"). A party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). In addition, even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990). Moreover, the court is unpersuaded by defendants' argument that plaintiffs' amendments have been made in bad faith or would be futile. (<u>See</u> Opp. at 7-12). If defendants wish to raise these or any other arguments in a motion to dismiss, they may do so. At this stage, however, they are insufficient to overcome clear Ninth Circuit policy favoring the amendment of complaints.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Ex Parte Motion for Leave to Amend Complaint **(Document No. 18)** is **granted**.

2. Plaintiffs shall, no later than two court days from the filing of this Order, file their Second Amended Complaint in compliance with Local Rule 3-2.

3. Plaintiffs' Ex Parte Application for Writ of Attachment **(Document No. 17)** is hereby referred to Magistrate Judge Wistrich. For the purpose of his determination, and until the Second Amended Complaint is filed, Judge Wistrich – and all parties – shall consider the proposed Second Amended Complaint, filed as Exhibit A to the Ex Parte Motion for Leave to Amend Complaint **(Document No. 18-17)**, as the operative complaint in this matter.

4.  Defendants shall file their Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **July 22, 2015.**

5.  In the event defendants wish to file a motion to dismiss, then counsel for the parties shall meet and confer in person at an agreed upon location within the Central District of California to discuss defendants' motion to dismiss.  Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

Dated this 7th day of July, 2015.

/s/
Fernando M. Olguin
United States District Judge

3