Reed R. Kathrein (139304)
Danielle Smith (291237)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for Lead Plaintiff Lawrence Gallagher*
*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DALPOGGETTO, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>WIRECARD AG, MARKUS BRAUN, BURKHARD LEY, ALEXANDER VON KNOOP, JAN MARSALEK, SUSANNE STEIDL, WULF MATTHIAS, and ERNST & YOUNG GMBH WIRTSCHAFTSPRUEFUNGSGESELLSCHAFT,<br><br>                              Defendants. | Case No. 2:19-cv-00986-FMO-SK<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404; LIMITED REQUEST TO LIFT STAY**<br><br>DATE: TBD<br>TIME: TBD<br>JUDGE: Fernando M. Olguin<br>CTRM: 6th Floor – Courtroom 6D |

# TABLE OF CONTENTS

I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND...................... 1

II.   LEGAL STANDARD ................................................................................. 2

III.  ARGUMENT ........................................................................................... 3

     **A.**    Transfer Is Warranted Because This Action Could Have Been Brought In The Eastern District of Pennsylvania....................................................... 3

     **B.**    Transfer is Warranted Based on the Convenience of the Parties and Witnesses and the Interest of Justice ....................................................... 4

IV.   CONCLUSION ....................................................................................... 6

i

Lead Pl.'s MPA In Support Of Motion to Transfer Venue
Case No. 2:19-cv-00986-FMO-SK
010821-11/1355139 V1

Lead Plaintiff Lawrence Gallagher ("Plaintiff") respectfully submits this memorandum of points and authorities in support of his motion to transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Defendants Wirecard AG ("Wirecard" or the "Company"), Markus Braun, Burkhard Ley, Alexander Von Knoop, Jan Marsalek, Susanne Steidl do not oppose the Motion. Plaintiff further requests that the Court temporarily lift the current stay on this case for the limited purpose of considering and granting the instant motion.

## I.   RELEVANT FACTS AND PROCEDURAL BACKGROUND

This action was initiated on February 8, 2019 alleging that Wirecard and certain of its officers violated the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), by making false and/or misleading statements and/or failing to disclose issues relating to fraudulent accounting practices within th Company and its partner entities. ECF No. 1, Complaint. Following Lawrence Gallagher's appointment as Lead Plaintiff (ECF No. 25), the complaint was later amended to add Defendant Ernst and Young ("E&Y") and the class period was expanded to include the period from August 17, 2015 and June 26, 2020. ECF No. 82.

Another related action alleging substantially similar facts and the same causes of action was subsequently filed in the Eastern District of Pennsylvania, captioned *Brown v. Wirecard AG et al.*, Case No. 2:20-cv-03326-AB (E.D. Pa.). Six

1

movants/plaintiffs sought appointment as lead plaintiff and approval of their choice of counsel in the *Brown* action, of which five have withdrawn, and the remaining movant will presumptively be selected to pursue the claims pursuant to the PSLRA.

Upon further review, Plaintiff in this first-filed action believes this case should be transferred to the Eastern District of Pennsylvania where the other related action lies. Transfer of venue is warranted because: 1) this action could have been brought in the Eastern District of Pennsylvania; 2) Wirecard maintains its North American headquarters in the Eastern District of Pennsylvania in Conshohocken, PA;[1] 3) relevant documents and sources of proof will be located there; and 4) transfer would conserve judicial resources.

## II.    LEGAL STANDARD

A district court, in its discretion, may transfer a case to a jurisdiction where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Determining whether transfer under Section 1404(a) is appropriate is a two-step process. First, as a threshold matter, a court determines whether the case "might have been brought" in the transferee district. *See* 28 U.S.C. § 1404(a); *see also Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Second, courts evaluate three elements: (1)

---

[1] *See* wirecard.com, *Wirecard Worldwide,* https://www.wirecard.com/en-us/contact/worldwide (last visited Oct. 5, 2020).

2

convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice. *Widjaja v. YUM! Brands, Inc.*, No. 09-cv-0502, 2009 WL 10673334, at *2 (C.D. Cal. June 8, 2009).

## III.    ARGUMENT

**A.    Transfer Is Warranted Because This Action Could Have Been Brought In The Eastern District of Pennsylvania**

This action could have been filed in the Eastern District of Pennsylvania. Plaintiff brings claims under the Exchange Act, which allows for jurisdiction "in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business[.]" 15 U.S.C. § 78aa. Further, 28 U.S.C. § 1391(b)(1) and (2) allow an action to be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Here, Defendant Wirecard maintains its North American headquarters in the Eastern District of Pennsylvania, maintains corporate offices there, and, together with the individual defendants, transacts or has transacted business there. A substantial part of the events or omissions giving rise to the claims in this action occurred are believed to have occurred in or involved Wirecard's North American headquarters. Thus, Defendants are subject to personal jurisdiction in the Eastern District of Pennsylvania,

3

Lead Pl.'s MPA In Support Of Motion to Transfer Venue
Case No. 2:19-cv-00986-FMO-SK
010821-11/1355139 V1

and venue is proper there pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

**B.      Transfer is Warranted Based on the Convenience of the Parties and Witnesses and the Interest of Justice**

The convenience of the parties and witnesses and the interest of justice support transfer to the Eastern District of Pennsylvania. To determine whether transfer serves the interests of justice, courts analyze a number of relevant factors, including: (1) the respective parties' contacts with the forum; (2) contacts relating to plaintiff's cause of action in the chosen forum; (3) availability of compulsory process to compel attendance of unwilling non-party witnesses; (4) differences in the costs of litigation in the two forums; (5) plaintiff's choice of forum; (6) feasibility of consolidation of other claims; and (7) ease of access to sources of proof.[2] *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

Here, Defendants have more contact with the Eastern District of Pennsylvania than this District. The Company is headquartered in the Eastern District of Pennsylvania and the Defendants are believed to have engaged in business

---

[2] Other factors include: (i) location where relevant agreements were negotiated and executed; (ii) state most familiar with governing law; and (iii) administrative difficulties flowing from court congestion. *Rubio*, 181 F. Supp. 3d at 759. These factors are mostly neutral because this is a federal securities class action (factors i and ii), and Plaintiff is unaware of administrative difficulties that would weigh for or against transfer (factor iii).

4

Lead Pl.'s MPA In Support Of Motion to Transfer Venue
Case No. 2:19-cv-00986-FMO-SK
010821-11/1355139 V1

transactions there. Thus, Defendants and potential material witnesses would find it easier and more convenient to litigate this matter in the Eastern District of Pennsylvania rather than this District. Transportation costs for potential witnesses would thus be lower if the action was transferred to the Eastern District of Pennsylvania.

As to the other factors, Plaintiff in this first-filed case has now chosen to move this Court to transfer this action to a different forum where a related case lies, without objection from Defendants. Consolidation or coordination of the claims in this action with those in the related *Brown* action in the Eastern District of Pennsylvania can be accomplished easily because that action alleges substantially similar facts and the same causes of action. *See Herman v. W. Union Co.*, No. 2:17-CV-00650-CBM-AJW, 2017 WL 5643145, at *3 (C.D. Cal. Mar. 30, 2017) (finding consolidation of other claims factor weighed in favor of transfer where two similar actions were pending in transferee district and transfer would conserve time, money and energy). Transfer would thus conserve judicial resources. Further, the ease of burden of proof is neutral as documentary evidence can be transported to either district.[3]

---

[3] This factor has become less significant in a transfer analysis "given that advances in technology have made it easy for documents to be transferred to different locations." *Trendsettah USA, Inc. v. Swisher Int'l Inc.*, No. 8:14-cv-01664-JVS-DFM, 2015 WL 12697653, at *5 (C.D. Cal. Feb. 3, 2015) (internal citation and quotation marks omitted).

5

Lead Pl.'s MPA In Support Of Motion to Transfer Venue
Case No. 2:19-cv-00986-FMO-SK
010821-11/1355139 V1

## IV.    CONCLUSION

Based on the foregoing, the Court should lift the stay for the limited purpose of considering this motion, and grant Plaintiff's motion to transfer venue to the Eastern District of Pennsylvania. In short, Defendants do not oppose the motion, the action could have been brought in the Eastern District of Pennsylvania, and the convenience of the parties and witnesses and interests of justice weigh in favor of transfer.


DATED: October 7, 2020              HAGENS BERMAN SOBOL SHAPIRO LLP

                                    By:    /s/ *Danielle Smith*
                                         DANIELL SMITH

                                    Reed R. Kathrein (139304)
                                    Danielle Smith (291237)
                                    715 Hearst Avenue, Suite 202
                                    Berkeley, CA  94710
                                    Telephone: (510) 725-3000
                                    Facsimile:  (510) 725-3001
                                    reed@hbsslaw.com
                                    danielles@hbsslaw.com

                                    Steve W. Berman
                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                    1301 Second Avenue, Suite 2000
                                    Seattle, WA  98101
                                    Telephone: (206) 623-7292
                                    Facsimile:  (206) 623-0594
                                    steve@hbsslaw.com

                                    *Attorneys for Lead Plaintiff Lawrence Gallagher*

Lead Pl.'s MPA In Support Of Motion to Transfer Venue
Case No. 2:19-cv-00986-FMO-SK
010821-11/1355139 V1